ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

KEITH DOHSE, Plaintiff, v. THE UNITED STATES, Defendant.

No. 04-984C

COMPLAINT

FILED
JUN - 9 2004
U.S. COURT OF FEDERAL CLAIMS

Plaintiff, Keith Dohse, for his Complaint against Defendant, The United States, states and avers:

I.

JURISDICTION OF THE COURT

1. The United States Court of Federal Claims has jurisdiction over the parties and the subject matter of this Complaint pursuant to the Contract Disputes Act of 1978, 41 U.S.C., § 601-613; and the Tucker Act, 28 U.S.C., § 1346, etc., and 28 U.S.C., § 1491, etc.

II.

PARTIES AND GENERAL ALLEGATIONS

2. Plaintiff, Keith Dohse ("Dohse"), is a United states Citizen who resides at HC 91 11D, Gordon, Sheridan County, Nebraska 69343.

3. The United States is named as the Defendant in this Complaint because an administrative agency of the United States, the United States Postal Service ("USPS"), has a contractual relationship with Dohse.

4. At all times relevant herein, Dohse was an individual, sole proprietor who had, and continues to have, a contract with USPS to provide contractor owned and operated mail delivery as an independent contractor for USPS's highway contract route (HCR) 69384 and HCR 69362 in and around Gordon, Nebraska.

5. The contract for HCR 69384 began July 1, 2002, and the contract term ends on June 30, 2005. The contract provided that Dohse was to be paid at the rate of $1.09304 per mile for 27,629.3 annual miles, equaling a total contact rate of $30,199.93 per year. The annual rate was subsequently increased to $32,295.70.

6. The contract for HCR 69362 began July 1, 2002, and the contract term ends on June 30, 2006. The contract rate was increased to $34,622.35 per year, effective November 2, 2002, pursuant to Order No. 800-01905-03, and was subsequently increased to $36,132.90.

7. In addition to delivering the mail on his contracted routes, as the supplier of contract services to the USPS, paragraph B.1 of the contract document provides,

> b. The supplier (Dohse) will be required to report in sufficient time to case, load and depart on schedule.
>
> c. The supplier will be required to load, transport, and unload all classes of mail at the headout, en route, and destinating offices.
>
> d. The supplier will be required to exchange mail through locked lobbies, vestibules, collection boxes, or lockers as directed by the contracting officer or authorized representative. Collection boxes may not be cleared prior to the posted box collection time. Supplier will also be required to participate in the Collection Management System (CMS) (i.e. use of scanning devices, want, etc.) when instructed by the contracting officer or authorized representative.
>
> e. The supplier may be assigned lobby/vestibule keys or CMS wands, to be used in the delivery and collection of mail along the contract route. These are accountable items that must be signed out prior to the start of the designated trip(s) and turned in at the end of the trip(s). Loss, negligent damage, or failure to turn in accountable item(s) as scheduled may result in assessment of damages or termination of the contract.
>
> f. The supplier will be required to perform box delivery services to the customers and all other related services as outlined in section B.3, a General Requirements and Prohibitions – Docs Delivery, or as directed by the contracting officer or authorized representative.

8. As a supplier of contract services to the USPS, paragraph B.3.a of the contract provides:

> Sanctity of the Mail. The supplier shall carry all mail tendered for transportation under this contract, whatever may be its size and weight, with certainty, celerity, and security, in accordance with the operating schedule and between the points fixed in the schedule, as modified from time to time pursuant to this contract.

> The supplier, when so directed by the contracting officer, shall (i) load and unload mail, (ii) make the exchange of mail, and (iii) perform all minor administrative services as may be necessary to track and trace the mail. Passengers, freight and other traffic, if authorized by this contract, may be accommodated, but shall not delay the mail or reduce the contracted cubic capacity.

9. Dohse performed all contracted services and conditions required of him as an individual sole proprietor owner-operator pursuant to contracts HCR 69362 and HCR 69384 in a satisfactory manner and in compliance with the terms of the contracts. Dohse has been, and remains, ready, willing, and able to continue to perform all contractual services and conditions required by the contracts.

10. During the time he has held the above-referenced contracts with USPS, Dohse has been regularly harassed by USPS employees, including, but not limited to, the former Gordon, Nebraska Postmaster, Don McQuitty.

11. Dohse believes his telephone line has been tapped illegally and without proper authorization by USPS officials and others in attempts to harass him, and to intentionally interfere with Dohse's relationship with the mail customers on his contract routes and to otherwise interfere with Dohse's performance of his contracts with the USPS.

12. On or about March 20, 2003, Leslie R. Carpenter, Manager, Transportation Contracts, Western Area Distribution Network of the USPS, sent a letter to Dohse informing him that he was currently under investigation by the Postal Inspection Service and the United States Postal Service Threat Assessment Team regarding alleged threats to postal personnel. Accordingly, effective March 20, 2003, Dohse was temporarily denied access to the mail and postal premises. A true and exact copy of the March 20, 2003, letter is attached hereto as Exhibit 1, and incorporated by reference herein.

13. Dohse timely appealed the decision set forth in the March 20, 2003, letter referred to in the previous paragraph.

14. On or about May 9, 2003, Leslie R. Carpenter, sent another letter to Dohse, stating that the USPS was in receipt of the Investigative Memorandum from the Postal Inspection Service, which detailed their investigation and the outcome of their findings, and due to the information contained in the Investigative Memorandum, USPS made a final determination to permanently deny Dohse access to the mails and the postal premises. This denial applies to all

highway contract routes, not just the routes he was previously driving. A true and exact copy of the May 9, 2003, letter is attached hereto as Exhibit 2, and incorporated by reference herein.

15. Dohse timely appealed the decision set forth in the May 9, 2003, letter referred to in the previous paragraph.

16. Following Dohse's appeal, on or about June 11, 2003, Russell A. Sykes, Manager, Surface Transportation CMC, sent notice to Dohse of his decision to deny Dohse's appeal and to agree with the contracting officer's conclusion that it would not be in the best interests of the USPS to allow Dohse access to the mail and the postal facilities. A true and exact copy of the June 11, 2003, letter is attached hereto as Exhibit 3, and incorporated by reference herein.

17. Dohse requested copies of investigative materials relating to the decision to deny him access to the mail and to the postal facilities, pursuant to the Freedom of Information Act. Eight (8) pages of record material were released to Dohse, and many deletions were made to those pages. There were one hundred forty-three (143) other pages which the USPS considered "exempt from disclosure" and would not release to Dohse. Dohse is seeking judicial review of that decision by bringing suit for that purpose in the U.S. District Court for the District of Nebraska.

18. Because Dohse was temporarily denied access to the mail and the postal facilities beginning on or about March 20, 2003, and was permanently denied access on or about June 11, 2003, Dohse hired and employed, and continues to hire and employ, employees to work the contracted routes for him at an annual expense of approximately $20,000.00 to Dohse.

## III.
## BREACH OF CONTRACT

19. Dohse re-alleges paragraphs 1 through 18 above as if set forth verbatim herein.

20. Dohse performed all contracted services and conditions required of him as an individual sole proprietor owner-operator pursuant to contracts HCR 69362 and HCR 69384 in a satisfactory manner and in compliance with the terms of the contracts. Dohse remains ready, willing, and able to continue to perform all contractual services and conditions required of him.

21. Dohse was denied access by the USPS to the mail and to the postal facilities on or about March 20, 2003, continues to be denied access thereto, and will continue to be denied access thereto throughout the remainder of his contracts.

22. The USPS's decision to deny Dohse access to the mail and postal facilities was a unilateral decision by USPS. Dohse was not contacted or interviewed as part of the USPS's alleged investigation, and he was not given an opportunity to present evidence to rebut the allegations made against him.

23. As a direct and proximate result of the USPS's denial to Dohse of access to the mail and to the postal facilities, as set forth in the previous paragraphs, the USPS has breached its contract with Dohse by denying him the ability to perform the services for which he contracted, as an individual sole proprietor owner-operator, including sorting and delivery of the mail.

24. As a further direct and proximate result of the USPS's denial to Dohse of access to the mail and to the postal facilities, Dohse has been forced to hire employees to carry out his obligations under the terms of his contracts with USPS at an annual cost to Dohse of approximately $20,000.00 since March 20, 2003, a cost which will continue as long as Dohse is personally denied access to the mails and to the postal facilities.

25. The USPS further breached its contract with Dohse by failing to abide by the following requirements of the contracts:

a. The Postmaster, as the administrative official at the Gordon, Nebraska, post office, was to show and teach the routes to Dohse, but failed to do so, thereby causing Dohse to spend unauthorized mileage and time to learn the routes on his own;

b. By failing to pay the correct mileage of the routes;

c. By failing to give ten (10) tags after he and his employees were cleared to operate the contract;

d. By removing Dohse's employees from the contracted routes for no reason;

e. By refusing to allow Dohse and his employees into the post office in the early mornings as per the contracts;

f. By failing to allow Dohse and his employees into the post office on Saturday afternoons to complete the requirements of his mail route contracts; and

g. By preventing Dohse's new employees from working by issuing an emergency badge.

IV.

DAMAGES

26. Dohse re-alleges paragraphs 1 through 25 above as if set forth verbatim herein.

27. As a direct result of USPS's breaches of its contracts with Dohse as set forth above, Dohse has been denied the opportunity to perform the contracted services as an individual sole proprietor owner-operator, and has been forced to hire employees to carry out his obligations under the terms of his contracts with USPS at an annual cost to Dohse of approximately $20,000.00 since March 20, 2003, a cost which will continue as long as Dohse is personally denied access to the mails and to the postal facilities.

28. As a further direct result of the USPS's breaches of its contracts with Dohse as set forth above, Dohse has incurred additional costs for mileage for which he should be reimbursed, and his employees have been denied ID tags, have been prevented from working the hours which the contract allows them to work, and have otherwise been interfered with, thereby causing economic harm to Dohse in an amount to be determined.

29. The USPS's decision to deny access to the mail and to the postal facilities should be overruled, and Dohse should be allowed to continue fulfilling the services required by his contracts as an individual sole proprietor owner-operator.

V.

REQUEST FOR RELIEF

WHEREFORE, Plaintiff, Keith Dohse, respectfully requests the Court to order the Defendant, United States, to pay him at least $20,000.00 as damages for extra salaries which he has paid to employees since March 20, 2003, and for other damages which he has incurred and; for future damages in an amount to be determined; to overrule the decision of the USPS denying him access to the mail and the postal facilities; taxing all costs to Defendant, United States; and for such other and further relief as this Court deems just and equitable.

DATED this 8 day of June, 2004.

KEITH DOHSE, Plaintiff,

By: Howard N. Epstein

Howard N. Epstein, #21173
MARKS CLARE & RICHARDS, L.L.C.
11605 Miracle Hills Drive, Suite 300
P.O. Box 542005
Omaha, NE 68154-8005
(402) 492-9800
(402) 492-9336 (Fax)
hepstein@mcrlawyers.com

Attorneys for Plaintiff

LESLIE R. CARPENTER, MANAGER, TRANSPORTATION CONTRACTS
WESTERN AREA DISTRIBUTION NETWORKS

UNITED STATES POSTAL SERVICE

March 20, 2003

CERTIFIED MAIL
RESTRICTED DELIVERY
7001 1140 0001 5994 8682

HCR's 69362 and 69364
Keith L. Dohse
HC 91 Box 11D
Gordon NE 69343-9208

Dear Mr. Dohse:

Our office has been informed that you are currently under investigation by the Postal Inspection Service and the US Postal Service Threat Assessment Team regarding alleged threats to postal personnel. Accordingly, effective today, you are temporarily denied access to the mail and postal premises. This temporary denial will be in effect until such time as there has been a final determination as to this matter. Final determination will be made upon receipt and review by this office of the Investigative Memorandum provided by the Postal Inspection Service upon completion of their investigation and/or final communication from the Threat Assessment Team.

Upon notification, you are hereby temporarily denied access to the mails and postal premises (aside from normal customer transactions to conduct business). Furthermore, this temporary denial applies to all Highway Contract Routes, and not just the route(s) you were previously driving. Please relinquish your ID badge and all Postal Service keys to your Administrative Official immediately.

You may appeal this decision within five (5) days of receipt of this letter. Your appeal letter should be mailed to the Manager, Transportation Contracts, Western Area DNO 1745 Stout Street, Suite 500, Denver, CO 80299-6200. PLEASE RETURN THIS LETTER WITH YOUR CORRESPONDENCE. Should you have any questions, you may call (303) 313-5149 or fax (303) 313-5190.

Sincerely,

Leslie R. Carpenter
Manager, Transportation Contracts

Distr: Administrative Official
Contract Transportation Specialist
Postal Inspection Service

EXHIBIT 1

1745 STOUT STREET SUITE 500
DENVER CO 80299-6200
(303) 313-5149
FAX (303) 313-5190

LESLIE R. CARPENTER, MANAGER, TRANSPORTATION CONTRACTS
WESTERN AREA DISTRIBUTION NETWORKS

UNITED STATES POSTAL SERVICE

DATE: May 9, 2003

CERTIFIED MAIL
RESTRICTED DELIVERY
7000 0520 0023 3271 4011

HCR #69362 and HCR 69384
Keith L. Dohse
HC 91 BOX 11D
Gordon, NE 69343-9208

REGARDING: DENIAL OF ACCESS TO MAIL AND POSTAL PREMISES

Dear Mr. Dohse:

On March 20, 2003, you were "temporarily" denied access to the mail and postal premises due to a pending investigation by the Postal Inspection Service and the US Postal Service Threat Assessment Team. At this time, we are in receipt of the Investigative Memorandum from the Postal Inspection Service, which details their investigation and the outcome of their findings. Due to the information contained in the Investigative Memorandum, we have made the final determination to permanently deny you access to the mail and postal premises.

***You are hereby denied access to the mails and postal premises (aside from normal customer transactions to conduct business).*** **Furthermore, this denial applies to *all* Highway Contract Routes, not just the routes you were previously driving.** If you have not already done so, please relinquish your ID badge to your Administrative Official immediately.

You may appeal this decision within five (5) days of receipt of this letter. Your appeal letter should be mailed to the Manager, Transportation Contracts, Western Area DNO, 1745 Stout Street, Suite 500, Denver, CO, 80299-6200. **PLEASE RETURN THIS LETTER WITH YOUR CORRESPONDENCE.** Should you have any questions, you may call (303) 313-5149 or fax (303) 313-5190.

Sincerely,

Leslie R. Carpenter
Manager, Transportation Contracts

Distr: Administrative Official
Contract Transportation Specialist
Postal Inspection Service

LRC.mbz



EXHIBIT 2

FILE

SUPPLY MANAGEMENT

UNITED STATES POSTAL SERVICE

June 11, 2003

Mr. Keith L. Dohse
HC 91 Box 11D
Gordon, NE 69343-9208

Dear Mr. Dohse:

Your appeal of the decision by the Contracting Officer to you access to the mail has been forwarded to this office for adjudication.

From the record, the Contracting Officer denied you because of an incident regarding alleged threats ~~of~~ violence towards Postal employees at the Gordon, NE Post Office. The Postal Service has a zero tolerance policy against violence in the workplace. This means that we will not ignore any incident of verbal or physical action that could cause injury to another. I agree with the Contracting Officer's conclusion that it would not be in the best interest of the U.S. Postal Service to allow you access to the mail and postal facilities

In adjudicating denial of appeals, I look at the record to determine if there is evidence that the decision by the Contracting Officer was capricious, arbitrary, or in violation of postal regulations. In this case there is no such evidence, therefore your appeal is denied.

Sincerely,

Russell A. Sykes
Manager, Surface Transportation CMC

cc: Les Carpenter
Manager, Transportation Contracts
Western Area DNO

475 L'ENFANT PLAZA SW ROOM 4900
WASHINGTON, DC 20260-6210
202-268-3029
FAX 202-268-4313

EXHIBIT 3