**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **KEITH DOHSE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 04-984C** |
| **v.** | ) | **(Judge Bush)** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S MOTION TO DISMISS**

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant respectfully requests that the Court dismiss the complaint filed by plaintiff, Keith Dohse, for failing to properly invoke this Court's jurisdiction. As we establish below, Mr. Dohse never presented a claim to the contracting officer for a final decision, as required by the Contract Disputes Act ("CDA"), 41 U.S.C. § 601 et seq. Because Mr. Dohse failed to comply with the statutory and jurisdictional prerequisites to filing a cause of action in this Court, the complaint should be dismissed. In support of this motion, we rely upon plaintiff's complaint ("Comp.") and the following memorandum.

MEMORANDUM

STATEMENT OF THE ISSUE

Whether this Court possesses jurisdiction to hear the complaint when the plaintiff has not presented a claim to the contracting officer and there is no contracting officer's final decision to challenge in this Court.

STATEMENT OF THE CASE

I. Nature of the Case

This case involves a breach-of-contract claim by Mr. Dohse in connection with two mail

delivery contracts that he has with the defendant, acting through the United States Postal Service. Specifically, this case arises out of a decision by the Postal Service, in May 2003, to deny Mr. Dohse access to the mails and access to Postal Service buildings due to threats of violence made by Mr. Dohse. Mr. Dohse has challenged that decision and has claimed, before this Court, that the Postal Service's decision is a breach of contract that is costing him approximately $20,000 in damages for every twelve-month period that he is denied access to the mails.

II. Statement of Facts

1. On or about July 1, 2002, the plaintiff, Keith Dohse, began performing two contracts for the Postal Service for the delivery of mail to rural areas in northwestern Nebraska, near the town of Gordon, Nebraska. Comp. ¶¶ 4-6. These contracts are known as "highway contract routes" ("HCR"). Id. ¶ 4. Mr. Dohse's contracts were HCR 69384 and HCR 69362. Id.

2. HCR 69384 began on July 1, 2002, and is scheduled to end on June 30, 2005. Id. ¶ 5. HCR 69362 began on July 1, 2002, and is scheduled to end on June 30, 2006. Id. ¶ 6. Mr. Dohse currently receives approximately $32,295.70 annually to perform HCR 69384, and $36,132.90 annually to perform HCR 69362. Id. ¶¶ 5-6.

3. On or about March 20, 2003, Mr. Dohse received a letter from Leslie R. Carpenter, Manager, Transportation Contracts, Western Area Distribution Network, Postal Service (Denver, CO), informing Mr. Dohse that the Postal Service was temporarily denying him access to mails and postal premises due to an investigation regarding alleged threats of violence by Mr. Dohse against Postal Service employees. Id. ¶ 12.

4. On or about May 9, 2003, Mr. Dohse received another letter from Mr. Carpenter,

which informed him that, based upon an investigation, the Postal Service was permanently denying Mr. Dohse access to the mails and postal premises due to threats of violence by Mr. Dohse against Postal Service employees. Id. ¶ 14.

5. Mr. Dohse filed an administrative appeal of this decision, but on or about June 11, 2003, Russell Sykes, Manager, Surface Transportation Category Management Center, Postal Service (Washington, DC), sent a letter to Mr. Dohse denying his appeal of Mr. Carpenter's decision. Id. ¶ 16.

6. On or about June 9, 2004, Mr. Dohse brought a direct action in this Court, alleging breach of contract by the Postal Service and seeking $20,000 in allegedly incurred damages and seeking unspecified future damages. Id. ¶¶ 18, 24, 27.

## ARGUMENT

### I. Standard Of Review

"Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." RCFC 12(h)(3). "Neither the parties nor the regulation writers can confer jurisdiction on the Court of Federal Claims." James M. Ellett Constr. Co., Inc. v. United States, 93 F.3d 1537, 1542 (Fed. Cir. 1996). "Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holly v. United States, 124 F.3d 1462, 1465 (Fed. Cir. 1997)(citations omitted). In considering a motion to dismiss, the allegations of the complaint should be construed favorably to the pleader. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). However, "conclusory allegations unsupported by factual assertions will not withstand a motion to dismiss." McCauley v. United

States, 38 Fed. Cl. 250, 262-63 (1997) (citation omitted). Accord Bradley v. Chiron Corp., 136 F.3d 1317, 1322 (Fed. Cir. 1998) ("Conclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim."). "If a defendant challenges jurisdiction or plaintiff's claim for relief, however, the plaintiff cannot rely merely on allegations in the complaint, but must instead bring forth relevant competent proof to establish jurisdiction." J. Cooper & Assoc., Inc. v. United States, 47 Fed. Cl. 280, 283 (2000) (citations omitted). The plaintiff must establish jurisdiction by a preponderance of the evidence. Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988).

## II. Jurisdictional Prerequisites

The CDA allows those in privity of executive contracts, 41 U.S.C. § 602, with the United States to bring suit in this Court within 12 months of a contracting officer's final decision upon a "claim," if certain jurisdictional prerequisites are met. 41 U.S.C. § 609(a). Subsection 609(a)(3) mandates that suits against the United States filed in this Court must be filed within 12 months of the contracting officer's final decision upon a contractor's claim. Subsection 605(a), meanwhile, mandates that "[a]ll claims by a contractor against the Government relating to a contract shall be in writing and shall be submitted to the contracting officer for a decision." Consequently, "[u]ntil a claim has been properly submitted, and, when necessary, certified to the contracting officer, and the contracting officer has rendered a final decision, or is deemed by inaction to have denied the claim, claimant has not exhausted its administrative remedies." Frawley v. United States, 14 Cl. Ct. 766, 769 (1988) (citing Tri-Central, Inc. v. United States, 230 Ct. Cl. 842, 845 (1982)).

III. The Court Should Dismiss The Complaint Because Mr. Dohse Has Not Presented A Claim To The Contracting Officer And There Is No Contracting Officer's Final Decision To Challenge In This Court

Mr. Dohse has not alleged that he has submitted a claim to the contracting officer for a final decision upon his breach-of-contract claim and his request for damages, as required by the CDA. In fact, there is no evidence that he has done so. Nor has Mr. Dohse alleged that he is in receipt of a contracting officer's final decision that he is appealing to this Court. Likewise, there is no evidence that such a decision exists. Thus, even when Mr. Dohse's complaint is construed most favorably by this Court, the complaint is not sufficiently well pleaded so as to state the necessary elements to establish jurisdiction in this Court pursuant to the CDA because the complaint does not plead that Mr. Dohse submitted a claim and that the claim was denied by a final decision of a contracting officer. See Holly v. United States, 124 F.3d 1462, 1465 (Fed. Cir. 1997). Accordingly, this Court does not possess jurisdiction to hear this case, and it should dismiss the complaint.

## CONCLUSION

For the foregoing reasons, this Court lacks jurisdiction to consider the merits of the complaint. Accordingly, we respectively request that this Court grant our Motion to Dismiss.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

THOMAS J. MARSHALL
Managing Counsel
Civil Practice Section
United States Postal Service

s/ Michael Francis Kiely
MICHAEL FRANCIS KIELY
Civil Practice Section
Law Department
United States Postal Service
475 L'Enfant Plaza, S.W.
Room 6333
Washington, D.C. 20260-1127
(202) 268-4037

Date: August 24, 2004