**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| KEITH DOHSE, | ) | NO. 04-984C |
| | ) | (Judge Bush) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Defendant filed its Motion to Dismiss pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims, alleging that Plaintiff, Keith Dohse ("Dohse") has failed to properly invoke this Court's jurisdiction. For the reasons set forth below, Dohse opposes Defendant's Motion to Dismiss, and respectfully requests this Court to issue an Order denying Defendant's Motion and ordering Defendant to answer Plaintiff's Complaint forthwith.

## MEMORANDUM

## STATEMENT OF THE ISSUE

This Court has jurisdiction to hear Dohse's Complaint because Dohse properly and timely presented his claims to the contracting officers of the United States Postal Service ("USPS"), and on June 11, 2003, Russell A. Sykes, Manager Surface Transportation CMC, issued a final decision denying Dohse's appeal. Pursuant to 41 U.S.C., § 602 of the Contract Disputes Act, Dohse properly brought this suit in this Court within twelve (12) months after the contracting officer's final decision.

## STATEMENT OF THE CASE

### I. Nature of the Case

Plaintiff Dohse entered into contractual agreements with the USPS for the delivery of mail on rural routes in and about Gordon, Nebraska. The USPS has denied Dohse access to the mails and its postal facilities in violation of the USPS' contractual obligation to provide access to the mails and to the postal facilities. Dohse has challenged the decision, and claims that USPS' decision to deny him access to the mail and postal facilities constitutes a breach of contract

because it denies him the ability to perform the services for which he contracted as an individual sole proprietor owner-operator, including sorting and delivery of the mail, and that as a direct and proximate result of the USPS' denial, Dohse has been forced to hire employees to carry out his obligations under the terms of his contracts with USPS at an annual cost to Dohse of approximately $20,000.00. For relief, Dohse asks this Court to overrule the decision of the USPS, and allow him to continue fulfilling the services required by his contracts as an individual sole proprietor owner-operator, and to order the Defendant, The United States, to pay him at least $20,000.00 as damages for extra salaries which he has paid to his employees since March 20, 2003.

II. Statement of Facts

Plaintiff Dohse agrees with the Statement of Facts set forth in Defendant's Motion to Dismiss, and adds the following facts:

1. Dohse timely appealed each letter of denial which he received from a contracting officer or authority (¶¶ 13 and 15 of Plaintiff's Complaint) until he ultimately received a June 11, 2003, final decision letter from Russell A. Sykes, Manager Surface Transportation CMC (Plaintiff's Complaint, ¶ 16 and Exhibit 3).

2. On June 9, 2004, Dohse brought this action in this Court, less than twelve (12) months after receiving the June 11, 2003, final decision letter from Russell A. Sykes. In this action in this Court, Dohse seeks the same relief which he sought during the entire USPS appeals process, specifically, to be allowed access to the mail and to the postal facilities so that he can continue fulfilling the services required by his contract as an individual sole proprietor owner-operator, including sorting and delivery of the mail (Plaintiff's Complaint, ¶¶ 23, 29, and Request for Relief). Dohse also seeks $20,000.00 in damages which he has already incurred, plus future damages (Plaintiff's Complaint, ¶¶ 24, 27, and Request for Relief).

## ARGUMENT

I. Standard of Review

The determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed. It is the plaintiff's statement of the claim that determines whether the

case is within the competence of the court, without consideration of any allegations made by the plaintiff relating to anticipated defenses. *Holley v. United States*, 124 F3d 1462, 1465 (Fed. Cir. 1997) (citations omitted). In considering a motion to dismiss, the allegations of the complaint should be construed favorably to the pleader. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

II. Jurisdictional Prerequisites

The Contract Disputes Act of 1978, 41 U.S.C. § 601-613 gives this Court jurisdiction over this action and the parties hereto. Pursuant to 41 U.S.C. § 602, (1) the Contract Disputes Act applies to any express or implied contract entered into by an executive agency for the procurement of services. 41 U.S.C. § 601(2), specifically includes the United States Postal Service within the definition of "executive agency." 41 U.S.C. § 605 defines the procedure which a contractor and an executive agency must follow when there is a disputed claim, and 41 U.S.C. § 609(a)(3) provides that a contractor must file an action in this Court within twelve (12) months from the date of the receipt by the contractor of the final decision of the executive agency's contracting officer concerning the claim.

Dohse received the final decision of the United States Postal Service's contracting authority, Russell A. Sykes, on June 11, 2003, denying Dohse's appeal, and concluding that Dohse would not be allowed access to the mail and the postal facilities. Dohse filed this suit in this Court on June 9, 2004, which is less that twelve (12) months after the final decision of the USPS.

As stated in *Frawley v. United States*, 14 Cl.Ct. 766, 767 (1988), there are two threshold inquiries which determine the Court's subject matter jurisdiction: (1) whether a claim has accrued and, (2) if so, whether Plaintiff's claim in this Court is the same claim presented to the contracting officer for a final decision. In other words, did the Plaintiff seek the requisite contracting officer's decision, vis-a-vis, any accrued claims and did that decision address the same damage claims now presented to this Court? Id. at 767. The answer to both threshold inquiries in our present case is in the affirmative. Dohse sought the requisite contracting officer's decision as to whether he should be allowed to continue having access to the mail and the postal facilities, and that access was denied upon final appeal by Russell A. Sykes of the USPS on June 11, 2003. Dohse now asks this Court to address the same damage claim which he presented to the contracting officer, namely, whether he will be granted access to the mail and to

the postal facilities in order to have the ability to perform the services for which he contracted, as an individual sole proprietor owner-operator, including sorting and delivery of the mail. Dohse also seeks monetary damages which are a direct and proximate result of the USPS' denial to him of access to the mail and the postal facilities.

The *Frawley* court held that a "claim" must be submitted to the contracting officer in writing, demanding payment of money; adjustment of the contract; **or such other relief** (emphasis added); which is disputed. No claim exists in the absence of a dispute. *Frawley v. United States*, 14 Cl.Ct. 766, 768 (1988), citing *Mayfair Constr. Co. v. United States*, 841 F2d 1576 (Fed. Cir. 1988). The *Frawley* court's definition of "claim" is substantially the same as the definition of "claim" set forth in § H.2 of the contract between Dohse and the USPS. That contract defines "claim" subject to the Contract Disputes Act of 1978 (41 U.S.C. § 601-613) as "a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to this contract."

While Dohse did not specifically seek monetary relief from the USPS in his appeals to the contracting officers, he did seek "other relief" in asking the contracting officer to grant him access to the mail and to the postal facilities so that he could perform the services for which he contracted, as an individual sole proprietor owner-operator, including sorting and delivery of the mail. He brings the same claim to this Court, along with a claim for monetary damages which he has suffered as a direct and proximate result of the USPS' denial to him of access to the mail and the postal facilities.

"Other relief" falls within the Contract Disputes Act concept of "claim," even though it may not specifically be a request for monetary relief. As set forth in *Garrett v. General Elec. Co.*, 987 F2d 747 (Fed. Cir. 1993), rehearing denied, in banc suggestion declined, the Navy's directive to a contractor to correct or replace defective engines constituted "other relief" within the federal acquisition regulations' third category of "claims," and, thus was within the Contract Disputes Act concept of "claim." Just as the Navy's directive to contractor Garrett constituted "other relief," where there was not a demand for monetary relief, so too does Dohse's claim for access to the mail and to the postal facilities constitute "other relief." Dohse's claim should be

granted and should be recognized as a "claim" which is within the jurisdiction of the United States Federal Court of Claims.

## CONCLUSION

Dohse has properly alleged and shown that he submitted timely claims to the USPS contracting officer for a final decision regarding his continuing access to the mail and to the postal facilities to be able to perform the services for which he contracted, as an individual sole proprietor owner-operator, including sorting and delivery of the mail. And the contracting officer for the USPS, Russell A. Sykes, issued a final decision denying his request. While the claim to the contracting officer did not seek monetary relief, it did seek relief which can be classified as "other relief," a category of relief which is allowed under the Contract Disputes Act. In his Complaint before this Court, Dohse seeks the same relief which he sought from the contracting officer, namely, access to the mail and to the postal facilities so that he would have the ability to perform the services for which he contracted, as an individual sole proprietor owner-operator, including sorting and delivery of the mail. He also seeks monetary damages from this Court which are a direct and proximate result of the USPS' denial to him of access to the mail and the postal facilities. Dohse has followed all the procedural requirements necessary to bring this case to the Court of Federal Claims, and when construed to his favor by this Court, his Complaint is sufficiently well-pleaded so as to state the necessary elements to establish jurisdiction in this Court pursuant to the Contract Disputes Act.

Accordingly, Defendant's Motion to Dismiss should be denied, and Defendant should be ordered to answer Plaintiff's Complaint forthwith.

DATED this 20th day of September, 2004.

Respectfully submitted,

KEITH DOHSE, Plaintiff,

By: /s/ Howard N. Epstein___________________

Howard N. Epstein, #21173
MARKS CLARE & RICHARDS, L.L.C.
11605 Miracle Hills Drive, Suite 300
P.O. Box 542005
Omaha, NE 68154-8005
(402) 492-9800
(402) 492-9336 (Fax)
hepstein@mcrlawyers.com

Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on September 20, 2004, I electronically filed the foregoing with the Clerk of the United States Court of Federal Claims using the CM/ECF system which sent notification of such filing to the following: Michael Francis Kiely, Attorney for Defendant, United States.

/s/ Howard N. Epstein___________________
Howard N. Epstein