**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **KEITH DOHSE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 04-984C** |
| **v.** | ) | **(Judge Bush)** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S REPLY TO**
**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Pursuant to Rule 7.1(c) of the Rules of the United States Court of Federal Claims, defendant respectfully submits its reply to plaintiff's opposition to defendant's motion to dismiss.

In its motion, defendant requested that the Court dismiss the complaint for lack of jurisdiction because the plaintiff had not presented a claim to the contracting officer and there was no contracting officer's final decision to challenge in this Court. In its opposition to defendant's motion, plaintiff essentially corroborates that plaintiff did not submit any claim to the contracting officer regarding the $20,000 claim currently before the Court. Plaintiff's Opposition at 2, ¶ II, 2; 4 ("Dohse did not specifically seek monetary relief from the USPS in his appeals to the contracting officers").[1] However, a prerequisite to jurisdiction under the Tucker

[1] To the extent plaintiff alleges that his complaint is predicated upon a claim in which he did not seek damages from the contracting officer, but instead sought equitable relief in the form of being granted access to the mails again, plaintiff is seeking injunctive relief that this Court is not authorized to grant. This Court lacks authority to grant declaratory or injunctive relief absent "a specific and express statute of Congress." Stephenson v. United States, 58 Fed. Cl. 186, 193 (2003). To date, however, this Court may only grant declaratory and injunctive relief in bid protest cases in connection with government contracting pursuant to 28 U.S.C. § 1491(b)(2). Id. Defendant shall shortly file a motion to dismiss with respect to plaintiff's request for injunctive relief.

Act is the submission of a claim to the contracting officer and a final decision by the contracting officer on that claim. Alliant Techsystems, Inc. v. United States, 178 F.3d 1260, 1264 (Fed. Cir. 1999). Plaintiff has admitted that no such claim was ever submitted to the contracting officer regarding the claimed $20,000 of damages. Accordingly, this Court does not possess jurisdiction to hear this case, and it should dismiss the complaint.

## CONCLUSION

For the foregoing reasons, this Court lacks jurisdiction to consider the merits of the complaint. Accordingly, we respectively reiterate our request that this Court grant our Motion to Dismiss.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

THOMAS J. MARSHALL
Managing Counsel
Civil Practice Section
United States Postal Service

s/ Michael Francis Kiely
MICHAEL FRANCIS KIELY
Civil Practice Section
Law Department
United States Postal Service
475 L'Enfant Plaza, S.W.
Room 6333
Washington, D.C. 20260-1127
(202) 268-4037

Date: October 3, 2004