IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **KEITH DOHSE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 04-984C** |
| **v.** | ) | |
| | ) | **(Judge Bush)** |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S ANSWER**

As its answer to the complaint, defendant admits, denies, and avers as follows:

JURISDICTION OF THE COURT

1. The allegations contained in paragraph 1 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

PARTIES AND GENERAL ALLEGATIONS

2. Denies the allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

3. Admits.

4. Admits.

5. Admits the allegations contained in paragraph 5 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 5 are denied.

6. Admits the allegations contained in paragraph 6 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 6 are denied.

7. Admits the allegations contained in paragraph 7 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 7 are denied.

8. Admits the allegations contained in paragraph 8 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 8 are denied.

9. Denies the allegations contained in the first sentence of paragraph 9. Denies the allegations contained in the second sentence of paragraph 2 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

10. Denies.

11. Denies the allegations contained in paragraph 11 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

12. Admits the allegation contained in the first sentence of paragraph 12 that Leslie R. Carpenter sent a letter to the plaintiff on or about March 20, 2003; admits the remaining allegations contained in the first sentence of paragraph 12 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the remaining allegations contained in the first sentence of paragraph 12 are denied. Admits the allegations contained in the second and third sentences of paragraph 12.

13. Admits.

14. Admits the allegation contained in the first sentence of paragraph 14 that Leslie R. Carpenter sent a letter to the plaintiff on or about May 9, 2003; admits the remaining allegations contained in the first sentence of paragraph 14 to the extent supported by the document

referenced, which is the best evidence of its contents; otherwise the remaining allegations contained in the first sentence of paragraph 14 are denied. Admits the allegations contained in the second sentence of paragraph 14 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in the second sentence of paragraph 14 are denied. Admits the allegations contained in the third sentence of paragraph 14.

15. Admits.

16. Admits the allegation contained in the first sentence of paragraph 16 that Russell A. Sykes sent a letter to the plaintiff on or about June 11, 2003; admits the remaining allegations contained in the first sentence of paragraph 16 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the remaining allegations contained in the first sentence of paragraph 16 are denied. Admits the allegations contained in the second sentence of paragraph 16.

17. Admits the allegations contained in the first sentence of paragraph 17. Admits the allegations contained in the second and third sentences of paragraph 17 to the extent supported by the documents referenced, which are the best evidence of their contents; otherwise the allegations contained in the second and third sentences of paragraph 17 are denied. The allegations contained in the fourth sentence of paragraph 17 constitute plaintiff's characterization of another action, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

18. Denies the allegations contained in paragraph 18 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

BREACH OF CONTRACT

19. Defendant incorporates by reference its responses to paragraphs 1 through 18 of the complaint.

20. Denies the allegations contained in the first sentence of paragraph 20. Denies the allegations contained in the second sentence of paragraph 20 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

21. Admits that the plaintiff "was denied access by the [United States Postal Service] to the mail and to postal facilities on or about March 20, 2003, [and] continues to be denied access thereto." Denies the remaining allegations contained in paragraph 21.

22. Denies the allegations contained in the first sentence of paragraph 22. Denies the allegations contained in the second sentence of paragraph 22 that the plaintiff "was not contacted [ ] as part of the [United States Postal Service's alleged investigation, and he was not given an opportunity to present evidence to rebut the allegations made against him." Admits the remaining allegations contained in the second sentence of paragraph 22.

23. The allegations contained in paragraph 23 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

24. Denies the allegations contained in paragraph 24 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

25. The allegations contained in paragraph 25 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

DAMAGES

26. Defendant incorporates by reference its responses to paragraphs 1 through 25 of

the complaint.

27. The allegations contained in paragraph 27 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

28. The allegations contained in paragraph 28 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

29. The allegations contained in paragraph 29 constitute argument or conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

REQUEST FOR RELIEF

30. Denies that plaintiff is entitled to the relief set forth in the Request For Relief immediately following paragraph 29 of the complaint, or to any relief whatsoever.

31. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that plaintiff's complaint be dismissed, and grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

THOMAS J. MARSHALL
Managing Counsel
Civil Practice Section
United States Postal Service

/s/ Michael Francis Kiely
MICHAEL FRANCIS KIELY
Civil Practice Section
Law Department
United States Postal Service
475 L'Enfant Plaza, S.W.
Room 6523
Washington, D.C. 20260-1127
(202) 268-4037

Date: August 6, 2005