**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| KEITH DOHSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 04-984C |
| | ) | (Judge Bush) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>JOINT PRELIMINARY STATUS REPORT</u>**

Pursuant to Rule 16 and Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), the parties respectfully submit the following joint preliminary status report in response to the questions set forth in paragraph 4 of Appendix A. When necessary, plaintiff and defendant will present separate views in response to these questions.

A. <u>Jurisdiction</u>

Plaintiff avers that the Court has jurisdiction to hear and to decide the action. Defendant questions whether the Court has subject matter jurisdiction to decide the surviving part of plaintiff's claim insofar as it appears plaintiff is seeking injunctive relief that the Court may not be authorized to grant.

B. <u>Consolidation</u>

The parties agree that this case should not be consolidated with any other case.

C. <u>Bifurcation</u>

The parties do not believe that bifurcation is appropriate in this case.

D. <u>Deferral</u>

The parties agree that this case should be deferred pending resolution of another case before this Court or any other court or forum, to-wit: *Keith Dohse v. John E. Potter, Postmaster,*

*United States Postal Service Postmaster General*, in the U.S. District Court for the District of Nebraska, Case No. 8:04CV355, wherein the district court has granted plaintiff's motion for *in camera* review of documents which directly relate to defendant's decision to deny plaintiff access to the mail and postal facilities.

E. Remand/Suspension

Neither party seeks remand or suspension of this case.

F. Joinder

Neither party intends to join additional parties.

G. Dispositive Motions

For the plaintiff: Plaintiff does not anticipate the filing of any dispositive motions.

For the defendant: Defendant anticipates filing a dispositive motion regarding the Court's jurisdiction over this case.

H. Relevant Factual And Legal Issues

Based upon a preliminary review of the case, the relevant issues are as follows:

For the plaintiff:

1. Whether plaintiff performed all contracted services and conditions required of him as an individual sole proprietor owner-operator pursuant to contracts HCR69362 and HCR 69384 in a satisfactory manner and in compliance with the terms of the contracts, and whether plaintiff has been, and remains, ready, willing, and able to continue to perform all contractual services and conditions required by the contracts.

2. Whether during the time he held the above-referenced contracts, plaintiff was regularly harassed by United States Postal Service employees, including, but not limited to, the former Gordon, Nebraska, Postmaster, Don McQuitty.

3. Whether Plaintiff's telephone line was tapped illegally and without proper authorization by Postal Service officials and others in attempts to harass him, and to intentionally

interfere with plaintiff's relationship with the mail customers on his contract routes and to otherwise interfere with plaintiff's performance of his contracts with the Postal Service.

4. Whether defendant breached its contract with plaintiff by denying plaintiff the ability to perform the services for which he contracted, as an individual sole proprietor owner-operator, including sorting and delivery of the mail.

5. Whether defendant breached its contract with plaintiff by failing to abide by the contract requirements enumerated in paragraph 25 of plaintiff's complaint.

6. Whether plaintiff suffered damages because of the defendant's actions, and if so, the nature and extent of the damages.

For the Defendant:

1. Whether the Court has subject matter jurisdiction to decide plaintiff's non-monetary clams;

2. If the Court does have jurisdiction to decide this case, whether the actions of the Postal Service breached its contracts with the plaintiff; and

3. If the Court does have jurisdiction to decide this case, whether the Postal Service contracting officer, based on the information available to him at the time he made his decision, abused his discretion in barring the plaintiff from entering postal facilities and from handling the mails. See, e.g., Bryant L. Milwee, PSBCA No. 1249, 84-2 B.C.A. ¶ 17,343 (1984); Old Hickory Services, GSBCA No. 6529, 82-2 B.C.A. ¶ 15,972 (1982).

I. Settlement

The parties have not discussed settlement, however, they expect to discuss settlement shortly, i.e., within a few weeks after the filing of this report, and shall report to the Court the result of their discussions. The parties intend to discuss the use of alternative dispute resolution to resolve this case, and shall report to the Court the results of their discussion.

J. Trial

For the plaintiff: Plaintiff intends to conduct discovery. However, much of the discovery depends on the ability of plaintiff to view the documents which will be viewed *in*

*camera* by the U. S. District Court of Nebraska in case No. 8:04CV355. Following discovery, plaintiff intends to proceed toward trial if the matter is not resolved.

For the defendant: Defendant proposes a six-month discovery period that will commence upon the decision of the U. S. District Court of Nebraska in case No. 8:04CV355, with notice of said decision to be promptly provided to the Court by the parties. If this matter is not resolved either by settlement or dispositive motion, defendant intends to proceed to trial. Defendant anticipates that no more than two days would be needed for a trial in this matter. Defendant proposes, for the convenience of the witnesses, that any trial in this matter be held in Omaha, Nebraska, within six months of the close of discovery.

K. <u>Electronic Case Management</u>

At this time, the parties do not anticipate any special issues regarding electronic case management needs.

L. <u>Additional Information</u>

There is no additional information of which the Court should be aware at this time.

Respectfully submitted,

FOR THE PLAINTIFF:

Howard N. Epstein, #21173
MARKS CLARE & RICHARDS, L.L.C.
11605 Miracle Hills Drive, Suite 300
P.O. Box 542005
Omaha, NE 68154-8005
(402) 492-9800
hepstein@mcrlawyers.com

FOR THE DEFENDANT:

PETER D. KEISLER
Assistant Attorney General

MICHAEL FRANCIS KIELY
Commercial and Appellate Litigation
Law Department
United States Postal Service
475 L'Enfant Plaza, S.W.

Room 6333
Washington, D.C. 20060-1127
(20) 268-4037

October 14, 2005

Y:\WDOX\CLIENTS\16138\000\plea\SMH1156.DOC