IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KEITH DOHSE, | ) | 8:04CV355 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | BRIEF IN SUPPORT OF |
| | ) | DEFENDANT'S MOTION |
| JOHN E. POTTER, POSTMASTER, | ) | TO STAY PROCEEDINGS |
| UNITED STATES POSTAL SERVICE | ) | |
| POSTMASTER GENERAL, | ) | |
| | ) | |
| Defendant. | ) | |

## **INTRODUCTION**

Initially, Plaintiff Keith Dohse filed his Complaint and Petition for Judicial Review Under Freedom of Information Act (hereinafter "Complaint") in this matter on August 2, 2004, (Filing 1) seeking review of a final agency decision to withhold production of certain records Plaintiff had requested from the U.S. Postal Service Inspection Service pursuant to the Freedom of Information Act and Privacy Act. On February 2, 2005, Plaintiff filed a "First Amended Complaint and Petition for Judicial Review Under Freedom of Information Act (hereinafter, "Amended Complaint") (Filing 37). The Amended Complaint sought review of a final agency decision to withhold production of certain records Plaintiff had requested from the U.S. Postal Inspection Service pursuant to the FOIA and Privacy Act and this Court granted summary judgment in favor of Defendant as to that claim (Memorandum and Order, Filing 50).

The Amended Complaint also seeks a determination from this Court that Plaintiff's Constitutional Due Process rights have been violated and that he be allowed to return to

the postal facilities to carry out his contractual duties as a rural mail carrier under contract with the Postal Service and this Court determined that Plaintiff was not barred from going forward in this jurisdiction on said grounds. Id.

Plaintiff is currently seeking the relief before the U.S. Court of Federal Claims, Case No. 04-984C, involving the same parties and same set of operative facts (see Declaration of Robert L. Homan and Exhibits A and B thereto, attached to the Index of Evidentiary Materials filed in support of this motion (hereinafter, "Homan" Decl. ¶ ___ Ex. __”)).

For the sake of judicial economy and for the additional reasons set forth below, this case should be stayed pending the resolution of the Court of Federal Claims case.

## PROCEDURAL BACKGROUND

Plaintiff is presently pursuing an action against Defendant in the U.S. Court of Federal Claims over a dispute involving his rural mail carrier contracts with Defendant. (Homan Decl. ¶ 2, Ex. A). The Complaint in the Court of Federal Claims is largely the same as the Amended Complaint filed here. (See Filing 1 in the Court of Federal Claims and Filing 37 in this action). As is reflected in the docket sheet of the Court of Federal Claims case, Plaintiff and Defendant have transferred a new separate action brought by Plaintiff in the U.S. Board of Contract Appeals challenging the termination of the rural mail carrier contracts at issue in the Court of Federal Claims case and described in the Amended Complaint filed in this action. (See Homan Decl., Ex. A, Filings 24 & 26). Thus, since the filing of this action, Plaintiff has commenced yet another action in yet

another forum involving the same parties, same contracts, albeit changed circumstances due to the termination of Plaintiff's rural mail carrier contracts for non-performance. The parties jointly requested that the Court of Federal Claims and Board of Contract Appeals cases be consolidated which the Court of Federal Claims has done. (Homan Decl., Ex. A, Filings 24 & 26).

## ARGUMENT

1. A Stay Of Proceedings Is Appropriate In Light Of Judicial Economy Considerations.

Plaintiff and Defendant are litigating essentially the same operative facts, involving the same parties in two different forums. It would benefit all parties, as well as this Court, if, for the sake of judicial economy, this action were stayed pending the outcome in the Court of Federal Claims action. Litigation of Plaintiff's narrow constitutional claim issue in this action, while also pursuing a separate contract action over the same issues, is a waste of time, resources, and will result in duplicated efforts by all. Courts have recognized the need for a case filed second-in-time to be suspended pending the outcome of a factually similar first-in-time action. See, Landis v. North American Co., 299 U.S. 248, 253 (1936) (the Supreme Court held that a federal court has the power to stay proceedings pending the outcome of a similar case filed in another district); see also, Davis v. United States, 30 Fed. Cl. 201 (1993) where the court stated in pertinent part:

> After **resolution** of the first suit, the court with jurisdiction over the second-filed suit then will proceed to resolve any issues that remain open in the

> second-filed litigation. I view of the potential applicability of the doctrines of collateral estoppel and res judicata, the decision in the first litigation often diminishes the number of issues that otherwise would have to be addressed in the second litigation.
>
> Id. at 206.

This Court has already determined that it has jurisdiction over Plaintiff's constitutional claim despite the fact there is pending a factually similar suit in the Court of Federal Claims involving the same parties. (Memorandum and Order, Filing 50). However, the present action, second-in-time to the Court of Federal Claims action, would benefit greatly by a stay of proceedings given the likelihood that a number of issues would be diminished if not eliminated by the Court of Federal Claims action going forward. Although there is presently a stay in the Court of Federal Claims case pending final resolution of this case (see Homan Decl. Ex. A, Filing 19), counsel for the respective parties have indicated to undersigned counsel that they are in favor of seeking a lifting of the stay in the Court of Federal Claims and are ready, willing, and able to proceed in that forum. (Homan Decl. ¶ 2). It is a reasonable assumption that the Court of Federal Claims will lift the stay in light of the parties' interest in going forward in that forum.

Additional justification for a stay of proceedings in this action exists now that the rural mail carrier contracts at issue have been terminated and Plaintiff has challenged the decision to terminate those contracts. Those issues rest with the Court of Federal Claims, a forum in a better position to hear a full presentation of the same facts involving the same parties that will no doubt impact this action. This situation is analogous to judicial review cases routinely brought before this Court. Here, there could be a full vetting of the

issues in the Court of Federal Claims, much like the utility of an administrative hearing in a judicial review case, which may make the present action unnecessary or at least well defined.

In further support of a stay, Defendant submits that conducting separate and staggered discovery for these cases will require that many witnesses be deposed twice on the same or related topics, that many documents be produced multiple times by each of the parties, and that any disputes about discovery be resolved in piecemeal fashion as the cases proceed on independent schedules. A stay of proceedings in this action would also "prevent separate actions from producing conflicting results", an appropriate consideration for courts in these circumstances. International Paving Sys., Inc. v. Van-Tulco, Inc., 806 F. Supp. 17, 22 (E.D.N.Y. 1992). For these reasons, judicial economy provides ample justification for a stay of proceedings in this action pending resolution of the Court of Federal Claims action.

2. A Stay Of Proceedings Will Not Prejudice Plaintiff.

As explained above, allowing proceedings to go forward against Defendant promises a heavy and unnecessary burden for the parties, and the Court. Conversely, the proposed stay of proceedings in this action offers little or no prejudice to Plaintiff. To the contrary, as discussed above, a stay would spare Plaintiff the potential burden of deposing the witnesses in these cases twice, and of having to again litigate many of the same factual and legal issues in separate proceedings. Furthermore, the proposed stay would only last through resolution of the Plaintiff's action pending in the Court of Federal

Claims, and any appeal that might be allowed. The Court of Federal Claims is the proper forum and venue for the disputed factual issues involved here in light of the fact that Plaintiff's primary dispute relates to the alleged interference with and subsequent termination of his rural mail carrier contracts, and Plaintiff will not suffer any prejudice given his willingness to go forward with his pending action in the Court of Federal Claims. Homan Decl. ¶ 2.

**CONCLUSION**

Defendant respectfully requests that the Court stay this case pending resolution of the U.S. Court of Federal Claims, Case No. 04-984C.

Respectfully submitted,

JOHN E. POTTER, POSTMASTER GENERAL
UNITED STATES POSTAL SERVICE
Defendant,

By: MICHAEL G. HEAVICAN
United States Attorney
District of Nebraska

And: s/ Robert L. Homan
ROBERT L. HOMAN, #18580
Assistant U.S. Attorney
1620 Dodge Street, Suite 1400
Omaha, NE 68102-1506
Phone: (402) 661-3700
Fax: (402) 661-3081
robert.homan@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: Howard N. Epstein; and hereby certify that I have mailed by United States Postal Service, postage prepaid, the document to the following non CM/ECF participants: None.

s/ Robert L. Homan
ROBERT L. HOMAN
Assistant U.S. Attorney