**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| KEITH DOHSE, | ) | CASE NO. 8:04CV355 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **PLAINTIFF'S BRIEF IN** |
| v. | ) | **OPPOSITION TO DEFENDANT'S** |
| | ) | **MOTION TO STAY PROCEEDINGS** |
| JOHN E. POTTER, POSTMASTER, | ) | |
| UNITED STATES POSTAL SERVICE | ) | |
| POSTMASTER GENERAL, | ) | |
| | ) | |
| Defendants. | ) | |

The Plaintiff, Keith Dohse, submits this Brief in Opposition to Defendant's Motion to Stay Proceedings. There are separate cases pending before this Court and the Court of Federal Claims which involve separate issues and distinct claims, and the Plaintiff would be prejudiced by a stay of these proceedings. Therefore, the Defendant's Motion to Stay Proceedings should be denied.

**STATEMENT OF FACTS**

The Plaintiff filed his Complaint and Petition for Judicial Review under Freedom of Information Act in the above-captioned proceedings on August 2, 2004, (Filing 1). A First Amended Complaint and Petition for Judicial Review under the Freedom of Information Act ("First Amended Complaint and Petition") was filed on February 2, 2005, (Filing 37), pursuant to this Court's order of January 31, 2005 (Filing 36). In the First Amended Complaint and Petition, the Plaintiff asserted that the United States Postal Service's ("USPS") action violated his due process rights under the Fifth Amendment to the Constitution of the United States, the Freedom of Information Act, and the Privacy Act of 1974. (Filing 37).

The Defendant filed its Motion to Dismiss Amended Complaint and Renewed Motion for Summary Judgment and Brief in Support of Defendant's Motion to Dismiss Amended Complaint and Renewed Motion for Summary Judgment on March 2, 2005. (Filings 40 and 42). Upon consideration of the parties' pleading in support of and opposition to the Defendant's Motion to Dismiss Amended Complaint and Renewed Motion for Summary Judgment, the Court entered an order on February 15, 2006, in which it denied the Defendant's motion to dismiss the Plaintiff's constitutional claim and granted the Defendant's renewed motion to dismiss the

Freedom of Information Act and Privacy Act claims. (Filing No. 50). Thereafter, the Defendant filed its Answer on March 1, 2006 (Filing 51). Also, the Defendant filed its Motion to Stay Proceedings on April 25, 2006, requesting this Court to stay these proceedings pending the resolution of the Plaintiff's pending case in the United States Court of Federal Claims (Filing 54).

The Plaintiff also filed a claim against the United States in the United States Court of Federal Claims on June 9, 2004, captioned Keith Dohse v. The United States of America, Case No. 1:04CV984, asserting that that the USPS breached its contracts with him and requesting relief. (Affidavit of Howard N. Epstein ("Epstein Affidavit"), Exhibit B). The Court of Federal Claims dismissed the Plaintiff's breach of contract monetary claim, while retaining jurisdiction over the Plaintiff's request for injunctive relief. (Epstein Affidavit, Exhibit C). The Plaintiff's appeal to the Postal Service Board of Contract Appeals, contesting the termination of the Plaintiff's contracts, was consolidated into the claim before the Court of Federal Claims, pursuant to an order of February 2, 2006. (Epstein Affidavit, Exhibit E). In orders filed November 18, 2005, and February 2, 2006, the Court of Federal Claims stayed its proceedings pending the final resolution of the above-captioned proceedings. (Epstein Affidavit, Exhibits D & E).

## ARGUMENT

The Defendant's motion to stay these proceedings should not be granted because the two cases involve separate issues and distinct claims and a stay will prejudice the Plaintiff.

*I. A stay is inappropriate as the two cases involve separate issues and distinct claims.*

In its Motion to Stay Proceedings, the Defendant asserts that, "Plaintiff and Defendant are litigating essentially the same operative facts, involving the same parties, in two different forums." While the two claims evolve from the same facts and involve the same parties, the underlying causes of action and requested relief involve separate issues and distinct claims. In denying the Defendant's Motion to Dismiss in this present case, this Court stated:

> In this action, Dohse seeks declaratory and injunctive relief for deprivation of his Fifth Amendment right to due process. Specifically, he asserts that he was denied an opportunity to be heard in a meaningful way before the Postmaster took action to bar him from the Post Office facilities. The injury that Dohse allegedly suffers as a result of the alleged deprivation is an injury to his reputation as well as the

> effective loss of his ability to compete for future contracts with the USPS. He seeks no recovery in connection with his current contracts.
>
> * * *
>
> *The court finds that Dohse's claim, although it peripherally involves a contract, is not a contract claim at its essence.* Dohse seeks vindication of his rights to notice and a hearing; a contract damages award would not redress the deprivation he has allegedly suffered.

(Filing No. 50, pages 5 & 7) (emphasis added). Therefore, this Court's primary focus as the litigation proceeds is whether the Plaintiff's due process right under the Fifth Amendment was violated by the denial of an "opportunity to be heard in a meaningful manner," as it relates to his denial of access to the mails and postal facilities, and whether that violation resulted in a deprivation of his liberty and property rights.

In contrast, the Federal Court of Claims case focuses on Plaintiff's allegations that the USPS breached its contracts with him. In his Complaint in the Court of Federal Claims, the Plaintiff asserts that, "The USPS's decision to deny access to the mail and to the postal facilities should be overruled, and Dohse should be allowed to continue fulfilling the services required by his contracts as an individual sole proprietor owner-operator." (Epstein Affidavit, Exhibit B, ¶29). Consolidated into this action is the Plaintiff's appeal to the Postal Service Board of Contract Appeals, which challenges the USPS's termination of its contracts with the Plaintiff. (Epstein Affidavit, Exhibit E). The nature of these proceedings relates directly to the Plaintiff's contracts with the USPS.

As the above demonstrate, the claim pending before this Court and that pending before the Court of Federal Claims involve two separate, distinct issues. Therefore, the Defendant's assertions that "Litigation of Plaintiff's narrow constitutional claim issue in this action, while also pursing a separate contract action over the same issues, is a waste of time, resources, and will likely result in duplicated efforts by all," is not supported by the facts. (Filing 56, page 3). This Court correctly stated that Dohse's claim before it "is not a contract claim at its essence." (Filing No. 50, page 7). As is evidenced by the nature of the Plaintiff's claims and the court's limited jurisdiction, the issues pending before the Court of Federal Claims involve purely contractual claims. Resolution of the issues before the Court of Federal Claims will not determine whether the Plaintiff's constitutional rights were violated, and resolution of the issues

pending in this Court will not decide the Plaintiff's contractual claims. Therefore, the issues in this proceeding will not be "diminished if not eliminated by the Court of Federal Claims action going forward," as asserted by the Defendant. (Filing 56, page 4). Certainly, if the issues were only diminished, and not fully eliminated, by the Court of Federal Claims, then this Court would still be required to hear whatever issues remained, thus resulting in further delay in this Court.

Additionally, since the claims involve diverse issues, discovery will not be duplicative, except for the possible production of certain records which relate to USPS's decision to deny Plaintiff access to the mails, as such records pertain to Plaintiff's procedural due process claims. Further, the case in the Court of Federal Claims is presently stayed pending the final resolution of the above-captioned proceeding; by ordering the stay, the Court of Federal Claims has indicated its deference to the instant action, despite it having being filed second. If the parties do ask the Court of Federal Claims to lift its stay, that case will be allowed to proceed on the merits of Plaintiff's contractual claims, and that action should have no impact on the constitutional claims before this Court.

Based on the foregoing, judicial economy will not be served by granting the Defendant's Motion to Stay Proceedings. Allowing a stay in the instant case until resolution of the issues before the Court of Federal Claims will merely prolong a determination as to whether the Plaintiff's constitutional rights have been violated by the USPS, as this action involves separate issues and distinct claims that cannot not be resolved by a decision of the Court of Federal Claims.

*II. A stay will prejudice the Plaintiff.*

A grant of the Defendant's Motion to Stay Proceedings would unfairly prejudice the Plaintiff. As previously discussed, there are two separate issues and distinct claims pending before the two courts and there is no indication that all issues before this Court would be ultimately resolved in the Federal Court of Claims. Thus, granting a stay in this Court would most likely merely prolong the consideration of the Plaintiff's constitutional claims. This case has been on the Court's docket for over 21 months, and it is time to decide the case on its merits. Requiring the Plaintiff to delay this case for an indeterminate time until his claims before the Court of Federal Claims are finally resolved is inherently unfair and inequitable. Therefore, the Plaintiff will be prejudiced if the Court grants a stay of these proceedings.

## CONCLUSION

Accordingly, the Defendant's Motion to Stay Proceedings should be denied because the pending cases involve separate issues and distinct claims and the Plaintiff would be unfairly prejudiced by a stay of these proceedings.

DATED this 3rd day of May, 2006.

KEITH DOHSE, Plaintiff,

By: /s/ Howard N. Epstein___________________

Howard N. Epstein, #21173
MARKS CLARE & RICHARDS, L.L.C.
11605 Miracle Hills Drive, Suite 300
P.O. Box 542005
Omaha, NE 68154-8005
(402) 492-9800
(402) 492-9336 (Fax)
hepstein@mcrlawyers.com

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2006, I electronically filed the foregoing with the Clerk of the U.S. District Court using the CM/ECF system which sent notification of such filing to the following: Robert L. Homan.

/s/ Howard N. Epstein_________________
Howard N. Epstein

Y:\WDOX\CLIENTS\16138\001\plea\LMH0482.DOC