**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **KEITH DOHSE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 04-984C** |
| **v.** | ) | **(Judge Bush)** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**JOINT STATUS REPORT**

Pursuant to the Court's order, dated August 1, 2006, the parties respectfully submit the following joint status report, which proposes a timeline for the efficient disposition of both the above-captioned matter as well as *Keith Dohse v. United States*, Fed. Cl. No. 06-508C. When necessary, plaintiff, Keith Dohse, and defendant, United States, will present separate responses to the questions contained in Appendix A(III)(4) of the Rules of the United States Court of Federal Claims.

A. Jurisdiction:

1. For the plaintiff: The Court has jurisdiction to hear and decide this matter under 28 U.S.C. § 1491 and 41 U.S.C. § 609. This Court has jurisdiction to hear Plaintiff's claim regarding the Postal Service's decision not to renew a contract with Plaintiff, wrongful termination of Highway Contract 69362, wrongful non-renewal of Highway Contract 69384, and wrongful non-award of Highway Contract 69364 as breach of contract in and of themselves, and because all of those claims are consequential damages sustained by Plaintiff as a direct result of Defendant's breach of contract.

2. For the defendant: This Court lacks jurisdiction to hear plaintiff's contention regarding the Postal Service's decision not to renew a contract with plaintiff. The damages

plaintiff seeks due to the allegedly wrongful termination of highway contract 69362, the allegedly wrongful non-renewal of highway contract 69384, and the allegedly wrongful non-award of highway contract 69364 are unavailable in this Court as a matter of law.

B. Consolidation:

The parties agree that this case should be consolidated with *Dohse v. United States*, Fed. Cl. No. 06-508C, which was transferred to this Court from the Postal Service Board of Contract Appeals ("PSBCA") on July 10, 2006. The parties respectfully refer the Court to their Joint Motion to Transfer and Consolidate, filed on January 31, 2006, which discusses in greater detail why the two cases should be consolidated. The PSBCA dismissed plaintiff's appeal on June 27, 2006, due to this Court's Order, dated February 2, 2006, transferring that appeal to this Court.

C. Bifurcation:

The parties do not believe it is necessary to bifurcate the issues of liabilities and damages in this case, should it proceed to trial.

D. Deferral:

The parties agree that this case should not be deferred pending resolution of any other cases, including the case pending in the District Court for the District of Nebraska, *Keith Dohse v. John E. Potter, Postmaster, United States Postal Service Postmaster General*, 8:04CV355. Although many of the facts and witnesses involved in the two cases overlap, the issue before the district court is whether the Postal Service denied Mr. Dohse constitutionally mandated procedural due process when it denied him access to the mails.

E. Remand/Suspension:

Neither party seeks remand or suspension.

F. Joinder:

Neither party intends to join additional parties at this time.

G. Dispositive Motions:

Both parties anticipate filing dispositive motions. The United States anticipates filing a motion to dismiss in part under Rule 12(b) concurrently with its answer to plaintiff's amended complaint, which, pursuant to the Court's direction, the parties have agreed the United States will file by October 2, 2006. In addition, defendant will move to dismiss plaintiff's money claim related to the Postal Service's decision to deny him access to the mails, which plaintiff re-alleges in his amended complaint, for failure to state a claim upon which relief can be granted because it is barred by collateral estoppel in light of this Court's dismissal of that claim for lack of subject matter jurisdiction on June 7, 2005. Both parties believe they will be able to file motions for summary judgment within 45 days of the proposed close of discovery, which is December 29, 2006.

H. Relevant Issues:

The parties agree that the relevant issues are as follows:

1. Whether the Postal Service breached its contract with plaintiff by denying him access to the mails and access to Postal facilities;

2. Whether the Postal Service breached its contract with plaintiff by allegedly harassing him, refusing him access to the Postal facilities at times required to complete Plaintiff's contract, failing to issue proper credentials to Plaintiff's employees, failing to pay the correct mileage of the routes, and failing to assist him to the point he was prevented from fulfilling his contractual obligations to the Postal Service;

3. Whether the default termination of plaintiff's highway contract 69362 was arbitrary, capricious, or an abuse of discretion, or otherwise a breach of contract;

4. Whether the Postal Service violated any statute or regulation or breached any contract with Plaintiff when it declined to award plaintiff highway contract 69364.

5. Whether this Court has jurisdiction to hear plaintiff's contention that the Postal Service wrongfully decided not to renew highway contract 69384 with him.

6. If this Court determines it has jurisdiction to hear plaintiff's contention regarding the non-renewal of highway contract 69384, whether anyone at the Postal Service other than the contracting officer had authority to make an offer to plaintiff.

7. Whether Defendant's Gordon, Nebraska, Postmaster made changes to plaintiff's highway contracts 69362 and 69384.

8. Whether defendant's Gordon, Nebraska, Postmaster had authority to make changes to plaintiff's Highway Contracts 69362 and 69384 and to discipline plaintiff for plaintiff's failure to abide by those changes.

9. Whether plaintiff suffered damages as a result of the defendant's alleged breaches of contract.

I. Settlement:

At this time, settlement seems unlikely. After some discovery is conducted and dispositive motions, if any, are filed, the parties will be in a better position to further evaluate

the likelihood of settlement. The parties agree that alternative dispute resolution (ADR) may be viable in this matter, but neither party believes ADR is appropriate at this time.

J. Trial:

The parties anticipate this case proceeding to trial. However, the parties do not believe that an expedited trial is necessary. Plaintiff requests that, if a trial is necessary, it be held in Omaha, Nebraska or Denver, Colorado. Defendant has no objection to that request.

K. Special Issues:

The parties are not aware of any special issues regarding electronic case management needs.

L. Additional Information:

Discovery is underway in the district court case. The court has ordered certain documents pertaining to the Postal Inspection Service's investigation of plaintiff to be produced under a protective order. The parties are discussing whether they will seek a protective order in this case. Discovery in the district court case is set to close on December 29, 2006, and trial has been scheduled for June 18, 2007, in Omaha, Nebraska.

As noted above, defendant will respond to plaintiff's amended complaint by October 2, 2006.

M. Discovery:

1. Plaintiff has been given the majority of the documents relevant to this case through discovery in the PSBCA appeal and the district court case.

2. For the sake of efficiency, the parties intend to conduct depositions for this case and the District of Nebraska case simultaneously.

3. Due to the progress already made, and the deposition plan, the parties believe

they can complete discovery in this case by December 29, 2006, which is the date discovery is set to close in the District of Nebraska case. The parties will notify the Court promptly if that deadline turns out not to allow enough time to complete discovery.

4. The parties do not anticipate the need for expert witnesses in this case.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

THOMAS J. MARSHALL
Managing Counsel
Civil Practice Section
United States Postal Service

/s/ Howard N. Epstein
HOWARD N. EPSTEIN
Marks Clare & Richards, L.L.C.
11605 Miracle Dr., Suite 300
Omaha, NE 68154-8005
(402) 492-9800

/s/ Stephen D. Lobaugh
STEPHEN D. LOBAUGH
Civil Practice Section
Law Department
United States Postal Service
475 L'Enfant Plaza, S.W.
Room 6333
Washington, D.C. 20260-1127
(202) 268-4089

Date: September 15, 2006

Y:\WDOX\CLIENTS\16138\000\plea\EA4427.DOC