# In the United States Court of Federal Claims

Nos. 04-984C & 06-508C

(Filed September 21, 2006)

* * * * * * * * * * * * * * * * * *
KEITH DOHSE, *
*
*Plaintiff,* *
*
v. *
*
THE UNITED STATES, *
*
*Defendant.* *
* * * * * * * * * * * * * * * * * *

**PRELIMINARY SCHEDULING ORDER**

On September 15, 2006, the parties, pursuant to the court's order of August 1, 2006, filed their Joint Status Report (JSR). Therein, the parties reported to the court that they anticipate that this case will go forward to litigation. In that regard, counsel for the respective parties request that the parties be permitted to engage in discovery with a discovery completion date of December 29, 2006. Defendant anticipates filing a motion to dismiss, pursuant to RCFC 12(b) concurrently with its answer to plaintiff's amended complaint. The parties state they have agreed that defendant's deadline for filing its motion to dismiss shall be on or before October 2, 2006. Both parties agree that they will be able to file motions for summary judgment within forty-five days of the proposed close of discovery, on or before February 16, 2007.

Upon an examination of the pleadings and the JPSR, pursuant to RCFC 16(b), it is **ORDERED** that the following preliminary schedule is established:

(1) It is assumed that Initial Disclosures, pursuant to RCFC 26(a), have presumably occurred, but if not, shall promptly now occur.

(a) For the damages disclosure required by RCFC 26(a)(1)(C)

and, subsequently, exhibits proposed in accordance with Appendix A, ¶13(a), any and all items and figures from books of account or other records, which are to be introduced into evidence in this matter, and any calculations or estimates derived therefrom, shall be set forth on separate schedules or summaries and so provided and disclosed to opposing counsel during the discovery period;

(b) Any schedule or summary provided pursuant to paragraph (1)(a) shall be accompanied by a statement describing the source(s) for the items or figures listed (ledgers, journals, payrolls, invoices, checks, time cards, etc.), the location(s) of the source(s), the time, during the discovery period, when the source(s) may be examined or audited by the opposing party, the name and address of the person(s) who prepared each schedule or summary and who shall be made available to the opposing party during an examination or audit of the source material to provide information and explanations required for verification of the listed items or figures.

(c) Upon receipt of a schedule or summary pursuant to paragraph (1)(a), receiving counsel shall provide for an examination or audit of the source material by a person(s) qualified to present testimony and thereafter provide opposing counsel with a statement during the discovery period, admitting or denying the accuracy or admissibility of each schedule or summary (or portion thereof) submitted by opposing counsel, which statement shall address each item and figure submitted and reflect and set forth the results of the examination or audit of the source material from which the submissions were derived and shall set forth the reason(s) for any denial of accuracy as to specific items or figures, citing generally accepted accounting principles or regulations where applicable, and the reason(s) for any denial of admissibility as to specific items or figures, keyed to the applicable Federal Rule(s) of Evidence;

(d) Proposed trial exhibits exchanged pursuant to Appendix A, ¶ 13(a) shall include schedules setting forth *all* items and figures from books of account or other records, and calculations and estimates derived therefrom, which a party intends to introduce into evidence with appropriate identification of those specific scheduled items, figures, calculations and estimates thereon which, on the basis of pretrial examinations or audit and exchanges are contested as to accuracy or admissibility, so that evidentiary proceedings as to items and figures shall thereafter be limited to those identified as contested.

(2) All **fact discovery**, including production of documents, depositions, interrogatories and requests for admissions shall be **COMPLETED** on or before **December 29, 2006**.

(3) Defendant shall **FILE** its **Motion to Dismiss** on or before **October 2, 2006**;

(4) The parties shall **FILE** any Motions for Summary Judgment on or before **February 16, 2007**; and

(5) Absent the filing of any of the above-referenced dispositive motions, on **February 16, 2007**, counsel are directed to **FILE** a **Joint Status Report** informing the court of the status of proceedings in the case and the extent to which the parties have determined whether any or all of the instant matter may be settled.

/s/Lynn J. Bush
LYNN J. BUSH
Judge