**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| KEITH DOHSE, | ) | CASE NO. 1:04-cv-00984C |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | (Judge Lynn J. Bush) |

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

Plaintiff Keith Dohse, for his Second Amended Complaint against Defendant, The United States, states and avers:

I.

JURISDICTION OF THE COURT

1. The United States Court of Federal Claims has jurisdiction over the parties and the subject matter of this Complaint pursuant to the Contract Disputes Act of 1978, 41 U.S.C., § 601-613; and the Tucker Act, 28 U.S.C., § 1346, etc., and 28 U.S.C., § 1491, etc., and pursuant to Rule 3.1 of the Rules of the United States Court of Federal Claims which governs amended and transferred complaints resulting from transfers from the Postal Service Board of Contract Appeals.

II.

PARTIES AND GENERAL ALLEGATIONS

2. Plaintiff, Keith Dohse ("Dohse"), is a United States Citizen who resides at HC 91 11D, Gordon, Sheridan County, Nebraska 69343.

3. The United States is named as the Defendant in this Complaint because an administrative agency of the United States, the United States Postal Service ("USPS"), had a contractual relationship with Dohse.

4. At all times relevant herein, Dohse was an individual, sole proprietor who had contracts with USPS to provide contractor owned and operated mail delivery as an independent contractor for USPS's highway contract route (HCR) 69384 and HCR 69362 in and around Gordon, Nebraska.

5. The contract for HCR 69384 began July 1, 2002, and the contract term ended on June 30, 2005. The contract provided that Dohse was to be paid at the rate of $1.09304 per mile for 27,629.3 annual miles, equaling a total contact rate of $30,199.93 per year. The annual rate was subsequently increased to $32,295.70.

6. Dohse applied for renewal of the contract for HCR 69384, and USPS refused to renew the contract for HCR 69384.

7. The contract for HCR 69362 began July 1, 2002, and the contract term was scheduled to end on June 30, 2006. The contract rate was increased to $34,622.35 per year, effective November 2, 2002, pursuant to Order No. 800-01905-03, and was subsequently increased to $36,132.90.

8. In addition to delivering the mail on his contracted routes, as the supplier of contract services to the USPS, paragraph B.1 of the contract document provides,

> b. The supplier (Dohse) will be required to report in sufficient time to case, load and depart on schedule.
>
> c. The supplier will be required to load, transport, and unload all classes of mail at the headout, en route, and destinating offices.
>
> d. The supplier will be required to exchange mail through locked lobbies, vestibules, collection boxes, or lockers as directed by the contracting officer or authorized representative. Collection boxes may not be cleared prior to the posted box collection time. Supplier will also be required to participate in the Collection Management System (CMS) (i.e. use of scanning devices, want, etc.) when instructed by the contracting officer or authorized representative.
>
> e. The supplier may be assigned lobby/vestibule keys or CMS wands, to be used in the delivery and collection of mail along the contract route. These are accountable items that must be signed out prior to the start of the designated trip(s) and turned in at the end of the trip(s). Loss, negligent damage, or failure to turn in accountable item(s) as scheduled may result in assessment of damages or termination of the contract.
>
> f. The supplier will be required to perform box delivery services to the customers and all other related services as outlined in section B.3, a General Requirements and Prohibitions – Docs

> Delivery, or as directed by the contracting officer or authorized representative.

9. As a supplier of contract services to the USPS, paragraph B.3.a of the contract provides:

> Sanctity of the Mail. The supplier shall carry all mail tendered for transportation under this contract, whatever may be its size and weight, with certainty, celerity, and security, in accordance with the operating schedule and between the points fixed in the schedule, as modified from time to time pursuant to this contract. The supplier, when so directed by the contracting officer, shall (i) load and unload mail, (ii) make the exchange of mail, and (iii) perform all minor administrative services as may be necessary to track and trace the mail. Passengers, freight and other traffic, if authorized by this contract, may be accommodated, but shall not delay the mail or reduce the contracted cubic capacity.

10. Dohse performed all contracted services and conditions required of him as an individual sole proprietor owner-operator pursuant to contracts HCR 69362 and HCR 69384 in a satisfactory manner and in compliance with the terms of the contracts. Dohse has been, and remains, ready, willing, and able to continue to perform all contractual services and conditions required by the contracts.

11. During the time he held the above-referenced contracts HCR 69362 and HCR 69384 with USPS, Dohse was regularly harassed by USPS employees, including, but not limited to, the former Gordon, Nebraska Postmaster, Don McQuitty.

12. Dohse believes his telephone line has been tapped illegally and without proper authorization by USPS officials and others in attempts to harass him, and to intentionally interfere with Dohse's relationship with the mail customers on his contract routes and to otherwise interfere with Dohse's performance of his contracts with the USPS.

13. On or about March 20, 2003, Leslie R. Carpenter, Manager, Transportation Contracts, Western Area Distribution Network of the USPS, sent a letter to Dohse informing him that he was under investigation by the Postal Inspection Service and the United States Postal Service Threat Assessment Team regarding alleged threats to postal personnel. Accordingly, effective March 20, 2003, Dohse was temporarily denied access to the mail and postal premises.

A true and exact copy of the March 20, 2003, letter is attached hereto as Exhibit 1, and incorporated by reference herein.

14. Dohse timely appealed the decision set forth in the March 20, 2003, letter referred to in the previous paragraph.

15. On or about May 9, 2003, Leslie R. Carpenter, sent another letter to Dohse, stating that the USPS was in receipt of the Investigative Memorandum from the Postal Inspection Service, which detailed its investigation and the outcome of its findings, and due to the information contained in the Investigative Memorandum, USPS made a final determination to permanently deny Dohse access to the mails and the postal premises. This denial applied to all highway contract routes, not just the routes he was previously driving. A true and exact copy of the May 9, 2003, letter is attached hereto as Exhibit 2, and incorporated by reference herein.

16. Dohse timely appealed the decision set forth in the May 9, 2003, letter referred to in the previous paragraph.

17. Following Dohse's appeal, on or about June 11, 2003, Russell A. Sykes, Manager, Surface Transportation CMC, sent notice to Dohse of his decision to deny Dohse's appeal and to agree with the contracting officer's conclusion that it would not be in the best interests of the USPS to allow Dohse access to the mail and the postal facilities. A true and exact copy of the June 11, 2003, letter is attached hereto as Exhibit 3, and incorporated by reference herein.

18. Dohse requested copies of investigative materials relating to the decision to deny him access to the mail and to the postal facilities, pursuant to the Freedom of Information Act. Eight (8) pages of record material were released to Dohse, and many deletions were made to those pages. There were one hundred forty-three (143) other pages which the USPS considered "exempt from disclosure" and would not release to Dohse. Dohse is seeking judicial review of that decision by bringing suit for that purpose in the U.S. District Court for the District of Nebraska.

19. Because Dohse was temporarily denied access to the mail and the postal facilities beginning on or about March 20, 2003, and was permanently denied access on or about June 11, 2003, in order to perform his duties under HCR 69384 and HCR 69362, Dohse was required to employ others to work the contract routes for him, which he would have done himself. Thus,

this action of the Defendant increased Plaintiff's cost of performance by an annual expense of $20,000 for each of said contract routes.

20. On or about August 12, 2005, USPS notified Dohse that his right to perform service under HCR 69362 was terminated effective at the close of business on August 15, 2005. Dohse received the notice of termination in a letter sent by Bert Manchego, Manager, Transportation Contracts, USPS Western Area Distribution Networks Office, wherein he was notified that this was the final decision of the contracting officer.

21. In a letter dated August 24, 2005, Dohse notified Bert Manchego, Manager, Transportation Contracts, USPS Western Area Distribution Networks Office, of his intent to appeal termination of HCR 69362.

22. On or about September 13, 2005, USPS Board of Contract Appeals notified Dohse of Docketing and Complaint Due Date, and Dohse filed his Complaint with the USPS Board of Contract Appeals ("PSBCA") on or about October 14, 2005. His Complaint was assigned as PSBCA Case No. 5296 and entitled Appeal of Keith Dohse.

23. On February 2, 2006, this Court ordered that "[t]he Appeal of Keith Dohse, PSBCA No. 5296, shall be transferred to the United State Court of Federal Claims and assigned to [Judge Lynn J. Bush]." The transferred appeal from the PSBCA was filed in this Court on July 10, 2006, as Case No. 06-508C, and assigned to Judge Lynne J. Bush on July 24, 2006.

24. On June 9, 2004, Dohse filed his Complaint in this Court against the United States, docketed as Case No. 04-984C, in which he alleged the USPS breached its contracts with him (Dohse I).

25. The parties request this Court to consolidate Case No. 04-984C (Dohse I) with this Case No. 06-508C (Dohse II), and, in this regard, Plaintiff Dohse filed an Amended Complaint which incorporated the allegations of Dohse I with the allegations in PSBCA No. 5296, on August 24, 2006, whereupon the Defendant filed an Answer on or about October 2, 2006.

26. Subsequently, the Defendant filed a Motion to Dismiss, after which this Second Amended Complaint has been filed by Plaintiff.

III.

BREACH OF CONTRACT – HCR 69362

27. In addition to denying Dohse access to the mail at the post office, the Defendant continued to harass Dohse so as to hobble and destroy his ability to perform under his contract, including HCR 69362. In this regard, the USPS further breached its contract with Dohse by failing to abide by the following requirements of the contracts:

a. The Postmaster, as the administrative official at the Gordon, Nebraska, post office, was to show and teach the routes to Dohse, but failed to do so, thereby causing Dohse to spend unauthorized mileage and time to learn the routes on his own;

b. By failing to pay the correct mileage of the routes;

c. By failing to give ten (10) tags after he and his employees were cleared to operate the contract;

d. By removing Dohse's employees from the contracted routes for no reason;

e. By refusing to allow Dohse and his employees into the post office in the early mornings as per the contracts;

f. By failing to allow Dohse and his employees into the post office on Saturday afternoons to complete the requirements of his mail route contracts; and

g. By preventing Dohse's new employees from working by issuing an emergency badge.

28. In order to make it more difficult for the Plaintiff to perform his contracts, beginning in April, 2005, Gordon, Nebraska, Postmaster Felton made unilateral changes to Dohse's contracts for HCR 69362 and HCR 69384. Felton decreased the sorting time by one-half (½) hour each day, and also forced Dohse to begin his day at a much later time than usual. Under the contract terms of HCR 69362, Dohse's route was to begin at 7:22 a.m., and under the terms of HCR 69384, Dohse's routes were to begin at 8:00 a.m. Following the unilateral changes made by Felton, Dohse was required to begin at 8:30 a.m. for both routes. While decreasing the sorting time, Felton still expected Dohse to complete his daily work in the same time frame as before, even though allowing one-half (½) hour less for work to be done.

29. Contracts for HCR 69362 and HCR 69384 provided that service changes other than minor service changes, including increases or decreases in compensation, may be made by mutual agreement of the contracting officer and the supplier. Such changes should have been memorialized by formal amendment to the contract. While Felton is the Post Master in Gordon, Nebraska, he is not the contracting officer, does not, and did not have, the contractual authority to make major service changes such as those he imposed. Only the contracting officer can make those major changes, and those major changes can only be made by mutual agreement of the contracting officer and Dohse as the supplier. Since Dohse did not agree to those contract changes, and the contract changes were not made by the contracting officer, the USPS violated its contract under both routes.

30. Beginning in mid-April, 2005, and continuing into the summer months of 2005, USPS issued numerous PS Forms 5500 to Dohse under HCR 69362, most of which were for Dohse’s alleged failure to observe the new contract schedule imposed by Gordon, Nebraska, Post Master Felton.

31. On June 14, 2005, Bert Manchego, Manager, Transportation Contracts, USPS Western Area Distribution Networks Office, issued a warning letter for unsatisfactory service on HCR 69362 to Dohse. The letter stated that Dohse was mandated to take whatever action was necessary to restore and maintain satisfactory service within seven (7) days of receipt of the letter. In particular, he was ordered to correct deficiencies of which he had been advised by issuance of PS Forms 5500. Dohse was told to desist in delaying the mail, that unwarranted expansion of office and/or delivery time is not acceptable, and that the realistic amount of time needed for these duties remained essentially unchanged since the award. In addition, he was also to correct deficiencies by using a yellow light at all times when delivering and by following all instructions of the administrative officials.

32. Notwithstanding the Defendant's bad faith efforts to harass Dohse, Dohse did his best to comply with all of the Defendant's demands, and prior to the issuance of the letter, and thereafter, Dohse took all actions necessary to restore and maintain satisfactory service, and corrected the alleged deficiencies of which he had been advised by issuance of the PS Forms 5500, including all alleged deficiencies identified in the June 14, 2005, letter.

33. On August 12, 2005, Dohse received PS Form 7440, Contract Route Service Order, from USPS, terminating his right to perform service under HCR 69362, effective close of business August 15, 2005.

34. The reasons given by USPS for the termination (which reasons were based upon a bad faith effort by Defendant to make it difficult or impossible for Plaintiff to perform his contract) were that Dohse failed to observe the contract schedule, failed to perform scanning duties accurately, and failed to communicate effectively with the administrative official. USPS also alleged that Dohse had suffered nine (9) deficiencies on six (6) separate service days since June 14, 2005. Each of those deficiencies were related to changes in contract schedule unilaterally made by USPS for HCR 69362.

35. The cancellation by USPS of Dohse's contract for HCR 69362 on August 12, 2005, was a breach of contract by USPS. USPS' actions and breach were made in retaliation for Dohse's opposition to the unilateral changes made to his contract by Gordon, Nebraska, Post Master Felton, in direct retaliation for Dohse's filing of complaints against USPS as referenced above in the United States Court of Federal Claims and in the United States District Court for the District of Nebraska, and in reliance upon the PS Forms 5500 which USPS issued to Dohse without good cause for Dohse's alleged failure to abide by the changes made to contract schedules by Gordon, Nebraska Post Master Felton in violation of Dohse's contract with USPS.

36. Had the Defendant not terminated HCR 69362, the Plaintiff could and would have performed said contract at least until its termination date, June 30, 2006, and would have earned during said period the sum of at least $32,000.00.

37. As a result of said unlawful termination by the Defendant of HCR 69362, the Defendant owes the Plaintiff liquidated damages pursuant to the contract plus such other damages as may be determined at trial.

## IV.

## BAD FAITH FAILURE TO RENEW CONTRACT – HCR 69384

38. Plaintiff incorporates paragraphs 1 through 37 as set forth fully herein.

39. Dohse made a renewal offer for HCR 69384 to be effective July 1, 2005. That offer was received and accepted on May 4, 2005, subject to final review by the contracting officer. That offer was also consistent with an April 12, 2005, letter from Bertrum T. Manchego,

Manager, Transportation Contracts, USPS, wherein Manchego wrote, "I am willing to renew at an annual rate of $34,200.00."

40. Thereafter, on June 20, 2005, Manchego sent notice on behalf of USPS that effective close of business June 30, 2005, Dohse's HCR Contract 69384 would be allowed to expire, and that Manchego had made the decision not to renew the contract.

41. The reasons given by Manchego in the June 20, 2005, letter were that Dohse had not been readily accessible for purposes of communication, that he claimed some official mail addressed to him only after significant delay, that Dohse's management of contracts with USPS was unsatisfactory, specifically, because one of the highway contract routes he held (69362) was in an advanced stage of the corrective action process, and because he was permanently denied access to the mail and postal premises on May 9, 2003, based on an investigative memorandum from the Postal Inspection Service.

42. However, the justifications given by Manchego are pretextual. Rather, the failure to renew Contract 69384 was in bad faith and in retaliation for Dohse's filing of complaints against USPS as referenced above in the United States Court of Federal Claims and in the United States District Court for the District of Nebraska, and in reliance upon the PS Forms 5500 which USPS issued to Dohse without good cause for Dohse's alleged failure to abide by the changes made to contract schedules by Gordon, Nebraska Post Master Felton in violation of Dohse's contract with USPS.

43. As a result of Defendant's breach of its duty to consider Dohse's bid to renew his contract in good faith, and the USPS's bad faith denial of Dohse's bid, Dohse is entitled to recover his bid preparation and proposal costs in an amount to be determined at trial.

44. In addition, Dohse prays, that in light of Defendant's bad faith failure to renew his contract, that this Court award him such further relief that the Court considers proper pursuant to 28 U.S.C. § 1491(b)(2).

## V.

## BAD FAITH FAILURE TO AWARD CONTRACT – HCR 69364

45. Plaintiff incorporates paragraphs 1 through 44 as set forth fully herein.

46. In the winter and spring of 2005, USPS offered Dohse the opportunity to bid on HCR 69364, with the contract to begin on July 1, 2005.

47. Thereafter, Dohse was notified that he had submitted the lowest offer, and was proceeding with negotiations on the final terms of said contract.

48. Despite submitting the lowest offer, on June 20, 2005, Dohse's bid was rejected and he was not awarded the contract for HCR 69364, allegedly because of USPS's dissatisfaction with his performance on HCR routes 69384 and 69362. Dohse appealed that decision to the USPS Ombudsman.

49. Defendant's justification for its failure to award Dohse HCR 69364 was also in bad faith and in retaliation for Dohse's filing of complaints against USPS as referenced above in the United States Court of Federal Claims and in the United States District Court for the District of Nebraska and for Dohse's alleged failure to abide by the changes made to contract schedules in violation of Dohse's contract with USPS.

50. As a result of Defendant's breach of its duty to consider Dohse's bid of HCR 69364 in good faith, and the USPS's subsequent bad faith denial of Dohse's offer, Dohse is entitled to recover his bid preparation and proposal costs in an amount to be determined at trial.

51. In addition, Dohse prays, that in light of Defendant's bad faith failure to consider his HCR 69364 bid, that this Court award him such further relief that the Court considers proper pursuant to 28 U.S.C. § 1491(b)(2).

WHEREFORE, Plaintiff, Keith Dohse, respectfully requests the Court to order the Defendant, United States, to pay him damages for termination of his contract under HCR 69362, which said Defendant, in bad faith, terminated prior to its completion date. In addition, Dohse further requests that due to Defendant's bad faith rejection of his HCR 69364 bid and his offer of renewal of HCR 69384, that Plaintiff be granted such relief as the Court considers proper pursuant to 28 USC § 1491(b)(2), including, but not limited to the preparation and proposal costs associated with each contract offer. Finally, Plaintiff prays that this Court grant him such other and further relief as this Court deems just and equitable, taxing all costs to said Defendant.

Dated this 22nd day of November, 2006.

Respectfully submitted,

KEITH DOHSE, Plaintiff,

By: /s/ Howard N. Epstein

Howard N. Epstein, #21173
MARKS CLARE & RICHARDS, L.L.C.
11605 Miracle Hills Drive, Suite 300
P.O. Box 542005
Omaha, NE 68154-8005
(402) 492-9800
(402) 492-9336 (Fax)
hepstein@mcrlawyers.com
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on November 22, 2006, I electronically filed the foregoing with the Clerk of the United States Court of Federal Claims using the CM/ECF system which sent notification of such filing to the following:

STEPHEN D. LOBAUGH
Civil Practice Section
Law Department
United States Postal Service
475 L'Enfant Plaza, S.W.
Room 6333
Washington, D.C. 20260-1127

/s/ Howard N. Epstein
Howard N. Epstein

Y:\WDOX\CLIENTS\16138\000\plea\ADR0198.DOC