# In the United States Court of Federal Claims

Nos. 04-984C & 06-508C

(Filed November 29, 2006)

* * * * * * * * * * * * * * * * * *
KEITH DOHSE, *
*
*Plaintiff*, *
*
v. *
*
THE UNITED STATES, *
*
*Defendant*. *
* * * * * * * * * * * * * * * * * *

## **ORDER**

On October 2, 2006, Defendant filed its Motion to Dismiss in Part, which asserted that many of plaintiff's claims were not within this court's jurisdiction or failed to state a claim upon which relief could be granted. Plaintiff, in lieu of filing a response to defendant's motion, on November 22, 2006 filed its Motion for Leave for Plaintiff to Amend Plaintiff's First Amended Complaint. Plaintiff also asserts that "Defendant's counsel, Stephen Lobaugh, . . . has indicated that he has no objection to this Motion." Pursuant to Rule 15 of the Rules of the United States Court of Federal Claims (RCFC), once a dispositive motion has been filed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." RCFC 15(a). Plaintiff asserts that amending the complaint will "fully set forth Plaintiff's claim and narrow[] the issues to be tried by the Court." The court is unaware of any reason why plaintiff's motion should not be granted.

Nonetheless, the court is still obliged to determine whether defendant's pending motion to dismiss in part would be mooted by plaintiff's proposed second amended complaint. If defendant consents to plaintiff's motion and also abandons its pending motion to dismiss in part, those actions dispose of defendant's pending motion. If, however, defendant wishes to preserve parts or all of its motion to

dismiss, notwithstanding defendant's consent to amending the complaint, the court requires notice of that intent in order to set an amended briefing schedule on defendant's motion to dismiss. Such a briefing schedule must also be coordinated with whatever response defendant intends to file to the second amended complaint (*e.g.*, an answer, motion to dismiss, etc.). The schedule set forth in the Order of September 21, 2006 remains otherwise unchanged at this juncture.

Accordingly, it is hereby **ORDERED** that defendant shall file a **NOTICE**, on or before **December 5, 2006**, elaborating on its consent to Plaintiff's Motion for Leave for Plaintiff to Amend Plaintiff's First Amended Complaint, and stating whether its Motion to Dismiss in Part, filed October 2, 2006, is mooted. Defendant's notice shall, in addition, state whether the time provided by RCFC 15(a) for its response to the second amended complaint will be sufficient. Lastly, defendant is asked to confer with plaintiff and inform the court whether the parties, at this point, anticipate a need to re-visit the schedule set forth in the September 21, 2006 order.

/s/Lynn J. Bush
LYNN J. BUSH
Judge