**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **KEITH DOHSE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Nos. 04-984C & 06-508C** |
| **v.** | ) | |
| | ) | **(Judge Bush)** |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

As its answer to the complaint, defendant admits, denies, and avers as follows:

JURISDICTION OF THE COURT

1. The allegations contained in paragraph 1 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

PARTIES AND GENERAL ALLEGATIONS

2. Denies the allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

3. Admits only the allegation contained in paragraph 3 that the Postal Service had a contractual relationship with Plaintiff. The remaining allegations contained in paragraph 3 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

4. Admits.

5. Admits the allegations contained in paragraph 5 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 5 are denied.

6. Admits.

7. Admits the allegations contained in paragraph 7 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 7 are denied.

8. Admits the allegations contained in paragraph 8 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 8 are denied.

9. Admits the allegations contained in paragraph 9 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 9 are denied.

10. Denies the allegations contained in the first sentence of paragraph 10. Denies the allegations contained in the second sentence of paragraph 10 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

11. Denies.

12. Denies.

13. Admits the allegation contained in the first sentence of paragraph 13 that Leslie R. Carpenter sent a letter to the plaintiff on or about March 20, 2003; admits the remaining allegations contained in the first sentence of paragraph 13 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the remaining allegations contained in the first sentence of paragraph 13 are denied. Admits the allegations contained in the second and third sentences of paragraph 13.

14. Admits.

15. Admits the allegation contained in the first sentence of paragraph 15 that Leslie R. Carpenter sent a letter to the plaintiff on or about May 9, 2003; admits the remaining allegations contained in the first sentence of paragraph 15 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the remaining allegations contained in the first sentence of paragraph 15 are denied. Admits the allegations contained in the second sentence of paragraph 15 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in the second sentence of paragraph 15 are denied. Admits the allegations contained in the third sentence of paragraph 15.

16. Admits.

17. Admits the allegation contained in the first sentence of paragraph 17 that Russell A. Sykes sent a letter to the plaintiff on or about June 11, 2003; admits the remaining allegations contained in the first sentence of paragraph 17 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the remaining allegations contained in the first sentence of paragraph 17 are denied. Admits the allegations contained in the second sentence of paragraph 17.

18. Admits the allegations contained in the first sentence of paragraph 18. Admits the allegations contained in the second and third sentences of paragraph 18 to the extent supported by the documents referenced, which are the best evidence of their contents; otherwise the allegations contained in the second and third sentences of paragraph 18 are denied. The allegations contained in the fourth sentence of paragraph 18 constitute plaintiff's characterization of another action, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

19. Denies the allegations contained in paragraph 19 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. To the extent the second sentence of paragraph 19 asserts wrongdoing or liability on the part of defendant, denies.

20. Admits the allegations contained in paragraph 20 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 20 are denied.

21. Admits the allegations contained in paragraph 21 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 21 are denied.

22. Admits the allegations contained in paragraph 22 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 22 are denied.

23. Admits the allegations contained in paragraph 23 to the extent supported by the documents referenced, which are the best evidence of their contents; otherwise the allegations contained in paragraph 23 are denied.

24. Admits the allegations contained in paragraph 24 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 24 are denied. Further answering, the underlying allegation that Defendant breached its contracts with Plaintiff constitutes a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

25. As to the consolidation request, refers the Court to Joint Status Report the parties filed September 15, 2006. Admits the remaining allegations contained in paragraph 25

to the extent supported by the documents referenced, which are the best evidence of their contents.

26. Admits.

BREACH OF CONTRACT

27. As to the first sentence contained in paragraph 27, admits only that defendant denied plaintiff access to the mails. Otherwise denies the first sentence. The remainder of paragraph constitutes conclusions of law to which no responses are required. To the extent they may be deemed allegations of fact, denies.

28. The allegations contained in the first sentence of paragraph 28 are vague and ambiguous, precluding a response. To the extent a response is required, admits only that changes were made, but denies plaintiff's allegation that any changes where made with the intent of making it more difficult for plaintiff to perform his contracts. As to the second sentence, admits the starting time was changed to a later time, but denies the sorting time was decreased. Admits the third and fourth sentences. Denies the fifth sentence.

29. Paragraph 29 makes a number of legal conclusions to which no response is required. In addition, it characterizes portions of the contract, to which Respondent refers as the best evidence of its contents. To the extent the allegations contained in paragraph 29 may be deemed allegations of fact, they are denied.

30. Admits.

31. Admits the allegations contained in the first sentence of paragraph 31. Admits the remaining allegations contained in paragraph 31 to the extent supported by the documents referenced, which are the best evidence of their contents; otherwise those remaining allegations are denied.

32. Denies.

33. Admits except as to when Plaintiff received the August 12, 2005 letter, which Defendant denies for lack of knowledge or information sufficient to form a belief as to the truth of the allegation.

34. Denies the reasons were based upon a bad faith effort by defendant to make it difficult or impossible for plaintiff to perform his contract. As to the reasons given by defendant, admits only to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the remaining allegations in paragraph 34 are denied.

35. Paragraph 35 contains a series of legal conclusions to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

36. Paragraph 36 contains argument, hypotheticals, and conclusory statements to which no response is required; to the extent it may be deemed to contain allegations of fact, those allegations are denied. Defendant refers to the contract as the best evidence of the annual rate of the contract for purposes of calculating potential contract proceeds.

37. The allegations contained in paragraph 37 constitute argument or conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

BAD FAITH FAILURE TO RENEW CONTRACT – HCR 69384

38. Defendant incorporates by reference its responses to paragraphs 1 through 37 of the complaint.

39. Admits the allegations contained in the first sentence of paragraph 39. The allegations in the second sentence constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Admits the

allegations in the third sentence to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations in the third sentence are denied.

40. Admits

41. Admits the allegations contained in paragraph 41 to the extent supported by the document referenced, which is the best evidence of its contents.

42. Denies.

43. The allegations contained in paragraph 43 constitute argument or conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

44. The allegations contained in paragraph 44 constitute argument or conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

BAD FAITH FAILURE TO AWARD CONTRACT – HCR 69364

45. Defendant incorporates by reference its responses to paragraphs 1 through 44 of the complaint.

46. Admits.

47. Denies the allegation that plaintiff was told he had submitted the lowest offer for lack of knowledge or information sufficient to form a belief as to the truth of the allegation. Admits the underlying allegation contained in the second sentence that Plaintiff's offer was the lowest offer.

48. Admits.

49. Denies.

50. The allegations contained in paragraph 50 constitute argument or conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

51. The allegations contained in paragraph 51 constitute argument or conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

52. Denies that plaintiff is entitled to the relief set forth in the Request For Relief immediately following paragraph 51 of the complaint, or to any relief whatsoever.

53. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that plaintiff's complaint be dismissed, and grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

THOMAS J. MARSHALL
Managing Counsel
Civil Practice Section
United States Postal Service

/s/ Stephen D. Lobaugh
STEPHEN D. LOBAUGH
Civil Practice Section
United States Postal Service
475 L'Enfant Plaza, S.W.
Room 6333
Washington, D.C. 20260-1127
(202) 268-4089

Date: December 5, 2006