# In the United States Court of Federal Claims

Nos. 04-984C & 06-508C

(Filed December 8, 2006)

* * * * * * * * * * * * * * * * * *
KEITH DOHSE, *
*
*Plaintiff*, *
*
v. *
*
THE UNITED STATES, *
*
*Defendant*. *
* * * * * * * * * * * * * * * * * *

**SCHEDULING ORDER**

On October 2, 2006, defendant filed its Motion to Dismiss in Part, which asserted that many of plaintiff's claims were not within this court's jurisdiction or failed to state a claim upon which relief could be granted. Plaintiff subsequently filed its motion for leave for plaintiff to amend plaintiff's first amended complaint, in lieu of a response to defendant's motion, and stated that plaintiff's motion was not objected to by defendant. The court, in its Order of November 29, 2006, requested that defendant file a notice stating whether or not plaintiff's second amended complaint mooted defendant's motion to dismiss.

Defendant's notice states that

> Defendant does not believe its Motion to Dismiss in Part is mooted in toto. Specifically, the allegations contained in paragraph 19 of Plaintiff's Second Amended Complaint preserve[] the issue addressed in section V of Defendant's Motion to Dismiss in Part. The remaining portions of Defendant's Motion to Dismiss in Part are mooted by Plaintiff's Second Amended Complaint.

Def.'s Notice. Paragraph nineteen of plaintiff's second amended complaint states that

> Because Dohse was temporarily denied access to the mail and the postal facilities beginning on or about March 20, 2003, and was permanently denied access on or about June 11, 2003, in order to perform his duties under HCR 69384 and HCR 69362, Dohse was required to employ others to work the contract routes for him, which he would have done himself. Thus, this action of the Defendant increased Plaintiff's cost of performance by an annual expense of $20,000 for each of said contract routes.

Pl.'s 2nd Am. Compl. ¶ 19. Section V of defendant's motion to dismiss in part argues that

> Plaintiff's complaint restates, verbatim, the claim for money damages related to the Postal Service's decision to deny Plaintiff access to the mails that this Court dismissed for lack of subject matter decision in *Keith Dohse v. United States*, No. 04-984C. *Compare* Comp. ¶¶ 19, 31, 43, 44 with *Dohse v. United States*, Case No. 04-984C, Comp. ¶¶ 18, 24, 27, 28. Plaintiff may not relitigate that issue. *Montana v. United States*, 440 U.S. 147, 153-55 (1979); *Banner v. United States*, 238 F.3d 1348, 1354 (Fed. Cir. 2001); *see* 18 Charles Alan Wright et al., Federal Practice and Procedure § 4436 (1981) ("Although a dismissal for lack of jurisdiction does not bar a second action as a matter of claim preclusion, it does preclude relitigation of the issues determined in ruling on the jurisdiction question. . . . The provision in Rule 41(b) that dismissal for lack of jurisdiction does not operate as an adjudication on the merits is not intended to change this result."). The Court, therefore, should dismiss Plaintiff's claim for money damages related to his denial of access to the mails.

Def.'s Mot. at 9-10.

Although plaintiff's second amended complaint does not make a specific demand for relief in the form of monetary damages related to his lack of access to the mail for contracts HCR 69384 and HCR 69362, there is a general demand for relief at the end of plaintiff's second amended complaint which states that

> Finally, Plaintiff prays that this Court grant him such other and further relief as this Court deems just and equitable, taxing all costs to said Defendant.

Pl.'s 2nd Am. Compl. at 10. If, indeed, plaintiff continues to seek monetary damages related to his lack of access to the mail for contracts HCR 69384 and HCR 69362, such a claim is addressed by section V of defendant's motion to dismiss in part, filed October 2, 2006. Clarification of this issue is desirable.

Plaintiff must file a response to that part of defendant's motion to dismiss which may not be moot, *i.e.*, section V of defendant's motion. Plaintiff's response should be brief. As to the parties' preferences for the scheduling of discovery and dispositive motions, as stated in defendant's notice, the court accedes to the proposed schedule. All other particulars of the order of September 21, 2006 remain unchanged.

Accordingly, it is hereby **ORDERED** that

(1) Plaintiff's Motion for Leave for Plaintiff to Amend Plaintiff's First Amended Complaint, filed November 22, 2006, is **GRANTED**;

(2) Plaintiff's Second Amended Complaint shall be considered **FILED** as of the date it was submitted to the court, **November 22, 2006**;

(3) Upon the filing of defendant's Answer to Plaintiff's Second Amended Complaint, the court's docketing system automatically set a deadline for the parties' to file their Joint Preliminary Status Report (JPSR), on or before of January 26, 2006. The parties filing of a JPSR would not be appropriate at this juncture; therefore, the Clerk's office is **directed** to **STRIKE** the **January 26, 2006 deadline** from the docket in the subject matter, as moot;

(4) Plaintiff's **Response** to Defendant's Motion to Dismiss in Part, Section V shall be **FILED** on or before **December 22, 2006**;

(5) Defendant's **Reply** to Plaintiff's Response to Defendant's Motion to Dismiss in Part, Section V shall be **FILED** on or before **December 29, 2006**;

(6) **Discovery** shall be **COMPLETED** by **March 16, 2007**; and

(7) **Dispositive motions**, if any, shall be **FILED** on or before **April 30, 2007**.

(8) Absent the filing of any dispositive motions, on or before **May 11, 2007**, or upon completion of discovery by the parties, whichever event occurs earlier, counsel are directed to **FILE** a **Joint Status Report** informing the court of the status of proceedings in the case and the extent to which the parties have determined whether any or all of the instant matter may be settled. The status report shall also set forth a proposed schedule for the exchanges required by Appendix A, ¶ 13 and the filings required by ¶¶ 14 through 17.

/s/Lynn J. Bush
LYNN J. BUSH
Judge