**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| KEITH DOHSE, | ) | Case Nos. 1:04-cv-00984C & 06-508C |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | (Judge Lynn J. Bush) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS IN PART, SECTION V**

Pursuant to the Court's December 8, 2006, Scheduling Order, Plaintiff Keith Dohse files his Response to Defendant's Motion to Dismiss in Part, Section V.

In Section V of Defendant's Motion to Dismiss in Part, Defendant has alleged that Plaintiff's Complaint seeking money damages due to the Postal Service's decision to deny him access to the mails is barred by collateral estoppel. Specifically, Defendant alleges that Plaintiff's Second Amended Complaint restates the claim for money damages related to the Postal Service's decision to deny Plaintiff access to the mails that this Court dismissed for lack of subject matter jurisdiction in Keith Dohse v. United States, Case No. 1:04-cv-00984C. In particular, Defendant cites Paragraph 18 of Plaintiff's original Complaint in which Plaintiff complained, "Because Dohse was temporarily denied access to the mail and the Postal facilities beginning on or about March 20, 2003, and was permanently denied access on or about June 11, 2003, Dohse hired and employed, and continues to hire and employ, employees to work the contracted routes for him at an annual expense of approximately $20,000 to Dohse." Paragraph 19 of Plaintiff's Second Amended Complaint essentially contains the same allegations, stating: "[D]ohse was required to employ others to work the contract routes for him, which he would have done himself. Thus, this action of the Defendant increased Plaintiff's cost of performance by an annual expense of $20,000 for each of said contract routes."

Defendant then asserts that Plaintiff's claim for money damages related to the Postal Service's decision to deny Plaintiff access to the mails may not be re-litigated because the Court has already dismissed Plaintiff's money damages claim for lack of subject matter jurisdiction

(references omitted). Defendant has correctly referred to the June 7, 2005, Opinion (Document #13) wherein the Court, Judge Lynn J. Bush presiding, ordered:

> Defendant's Motion to Dismiss, filed August 23, 2004, is **GRANTED IN PART** as to Plaintiff's breach of contract monetary claim, and **DENIED IN PART,** as to Plaintiff's request for injunctive relief regarding access to the mail and to Postal facilities.
>
> As there is no just reason for delay pursuant to RCFC 54(b), the Clerk's office is directed to **ENTER** judgment in favor of Defendant dismissing Plaintiff's request for relief in the form of specified and unspecified monetary damages for lack of jurisdiction. The only remaining claim in this case is for equitable relief.

Plaintiff Keith Dohse concurs with the Defendant's position that Paragraph 19 of Plaintiff's Second Amended Complaint has previously been adjudicated by this Court, and requests that the Court allow Plaintiff to strike Paragraph 19 from his Second Amended Complaint.

Dated this 20th day of December, 2006.

Respectfully submitted,

KEITH DOHSE, Plaintiff,

By: /s/ Howard N. Epstein

Howard N. Epstein, #21173
MARKS CLARE & RICHARDS, L.L.C.
11605 Miracle Hills Drive, Suite 300
P.O. Box 542005
Omaha, NE 68154-8005
(402) 492-9800
(402) 492-9336 (Fax)
hepstein@mcrlawyers.com
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on December 20, 2006, I electronically filed the foregoing with the Clerk of the United States Court of Federal Claims using the CM/ECF system which sent notification of such filing to the following:

STEPHEN D. LOBAUGH
Civil Practice Section
Law Department
United States Postal Service
475 L'Enfant Plaza, S.W.
Room 6333
Washington, D.C. 20260-1127

/s/ Howard N. Epstein
Howard N. Epstein

Y:\WDOX\CLIENTS\16138\000\plea\EA5287.DOC