# -In the United States Court of Federal Claims

Nos. 04-984C & 06-508C
(Filed April 4, 2007)

* * * * * * * * * * * * * * * * * *
KEITH DOHSE, *
*
*Plaintiff*, *
*
v. *
*
THE UNITED STATES, *
*
*Defendant*. *
* * * * * * * * * * * * * * * * * *

**ORDER**

On March 27, 2007, plaintiff's counsel, Mr. Howard N. Epstein, filed a Motion for Leave to Withdraw as Counsel, attached to which was Mr. Epstein's affidavit. In his affidavit, Mr. Epstein asserts that plaintiff, Mr. Keith Dohse, has "failed to cooperate in the prosecution of this action . . . and has made no attempt to make any payments towards the balance due [for attorneys fees owed to Mr. Epstein's firm], despite repeated requests for payment." Mr. Epstein certifies that his motion and affidavit have been served on both Mr. Dohse and defendant.

Rule 83.1 of the Rules of the United States Court of Federal Claims (RCFC) states that "[n]o attorney of record for a plaintiff or a third party may withdraw such attorney's appearance except by leave of the court on motion and after notice is served on such attorney's client." RCFC 83.1(c)(6). This court has also adopted the American Bar Association Model Rules of Professional Conduct (ABA Model Rules) for standards of professionalism for attorneys practicing before this court. RCFC 83.2(c)(2). According to the ABA Model Rules, a lawyer may withdraw from representation when that representation "has been rendered unreasonably difficult by the client" or "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled." Model Rules of Prof'l Conduct R. 1.16(b)(5)-(6).

Thus, Mr. Epstein has alleged circumstances, *i.e.*, that Mr. Dohse has notice of Mr. Epstein's request to withdraw, and that justification exists according to the ABA Model Rules for Mr. Epstein's withdrawal, which, if true, permit this court to allow him to withdraw as counsel in the subject matter. Mr. Dohse may respond to Mr. Epstein's affidavit with one of his own, if he disputes the information put forth by Mr. Epstein.[1] Any such affidavit, timely submitted, will be taken into consideration by the court before deciding Mr. Epstein's motion to withdraw.

A different question is whether this court should exercise its discretion and grant Mr. Epstein's motion to withdraw, if his justification for withdrawal is sufficient. *See Cherokee Nation of Okla. v. United States*, 42 Fed. Cl. 15, 17 (1998) (stating that "even if withdrawal is otherwise appropriate, precedence must sometimes be accorded to preserving the tribunal's resources and efficiency, as well as to maintaining fairness to opposing litigants") (citation omitted). A balance must be struck between the needs of plaintiff's current attorney of record, opposing counsel, plaintiff and the court. *See id.* If the facts are as alleged in Mr. Epstein's motion, the court believes that the balance currently hangs in favor of Mr. Epstein. Defendant's opposition, if any, to Mr. Epstein's motion is currently due on Friday, April 13, 2007.

Finally, Mr. Dohse shall file a notice with the court stating whether he plans to engage another attorney, if Mr. Epstein is allowed to withdraw, and when such an attorney could earliest appear as attorney of record for plaintiff. The court notes that although Mr. Dohse has the right to proceed *pro se*, the litigation of the claims and defenses presented in these consolidated cases would be challenging for an unrepresented plaintiff.

Accordingly, it is hereby **ORDERED** that

(1) If Mr. Dohse contests the justification for Mr. Epstein's withdrawal as counsel of record in the subject matter, Mr. Dohse shall **FILE** an **AFFIDAVIT,** on or before **April 20, 2007**, stating the reasons why Mr. Epstein should not be allowed to withdraw;

---

[1]/ Mr. Dohse should consult the rules of this court when filing any document with the court. Filing is governed largely by RCFC 5, RCFC 5.1 and RCFC 5.3, which among other instructions, mandate that three copies of any filed document be sent to the court so as to arrive by the filing deadline, and that one copy be simultaneously sent to defendant.

(2) Mr. Dohse shall also **FILE** a **NOTICE**, on or before **April 20, 2007**, stating whether he intends to engage another attorney if Mr. Epstein is allowed to withdraw, and stating the earliest possible date that attorney could appear in the subject matter;

(3) Defendant's opposition, if any, to Mr. Epstein's motion to withdraw shall be **FILED** on or before **April 13, 2007**;

(4) The schedule set by the court's order of February 20, 2007 remains unchanged;

(5) The Clerk shall **SERVE** a copy of this order by overnight mail on

**Keith Dohse, HC 91 11D, Gordon, NE 69343**;

(6) The Clerk shall **ACCEPT** paper filings from Mr. Dohse submitted in response to this order.

/s/Lynn J. Bush
LYNN J. BUSH
Judge