# -In the United States Court of Federal Claims

Nos. 04-984C & 06-508C

(Filed June 11, 2007)

* * * * * * * * * * * * * * * * * * *
KEITH DOHSE, *
*
*Plaintiff*, *
*
v. *
*
THE UNITED STATES, *
*
*Defendant*. *
* * * * * * * * * * * * * * * * * * *

**ORDER**

The court has before it Mr. Epstein's Motion for Leave to Withdraw as Counsel, filed March 27, 2007. That motion was certified as served on plaintiff, Mr. Keith Dohse. Defendant has not filed an opposition to Mr. Epstein's motion.

Mr. Epstein's motion asserted that Mr. Dohse has stopped cooperating in the prosecution of this action, and that Mr. Dohse has stopped making payments toward his bill owed to Mr. Epstein's firm. On April 4, 2007, the court ordered Mr. Dohse to respond to these factual allegations, if he contested them, and to inform the court whether he planned to engage a new attorney if Mr. Epstein is allowed to withdraw as counsel. Mr. Dohse's responses were originally due on April 20, 2007.

On April 23, 2007, Mr. Dohse filed a "Motion to Extend Time," requesting additional time in which to respond to Mr. Epstein's motion. The court extended the deadline for Mr. Dohse for more than a month, until May 31, 2007. Thus, by May 31, 2007, Mr. Dohse was to have filed his opposition to Mr. Epstein's motion, if any, as well as a notice stating whether or not he intended to secure a new attorney for this suit.

As of the date of this order, no filing or other communication has been

received from Mr. Dohse providing anything more than the facts alleged in his Motion to Extend Time. The court has considered the statements in Mr. Dohse's Motion to Extend Time, and these tend to confirm Mr. Epstein's factual allegations. According to Mr. Dohse's Motion to Extend Time, Mr. Dohse has been difficult to reach by telephone of late, and he has not paid his legal bills in recent months.

As this court noted in its order of April 4, 2007, Mr. Epstein has given reasonable notice of his imminent withdrawal to Mr. Dohse, and his withdrawal is justified under the rules of this court. Once Mr. Dohse stopped paying for the legal services of Mr. Epstein and was not in regular communication with him, and once Mr. Epstein gave reasonable notice to Mr. Dohse that he could not continue as counsel under those conditions, Mr. Epstein had met the standard under this court's rules and the American Bar Association's rules for withdrawal. *See* RCFC 83.1(c)(6), 83.2(c)(2); Model Rules of Prof'l Conduct R. 1.16(b)(5)-(6). Although the court has the discretion to prevent a justified withdrawal when an ill-timed withdrawal will compromise court efficiency, this is not such a case. Because the facts alleged by Mr. Epstein have not been challenged by Mr. Dohse in over two months, the court believes it would be inefficient to further delay ruling on Mr. Epstein's motion. The court grants plaintiff's counsel's motion to withdraw.

The court has no information concerning Mr. Dohse's plans for representation, notwithstanding its orders of April 4 and April 24, 2007 requiring the submission of that information. Under these circumstances, the court must recognize that Mr. Dohse is proceeding *pro se* until an attorney appears on his behalf.[1] This action is now removed from electronic filing procedures and all future filings shall be done in paper form, according to the rules of this court.

Accordingly, it is hereby **ORDERED** that

(1) Mr. Epstein's Motion for Leave to Withdraw as Counsel, filed March 27, 2007, is **GRANTED**;

(2) These consolidated cases are **REMOVED** from the electronic filing

---

[1]/ The court is not advising that plaintiff should proceed *pro se*. The court has no other choice than to recognize that plaintiff is unrepresented before this court as of the date of this order.

system and only paper filings henceforth will be permitted;

(3) Plaintiff shall **FILE**, on or before **June 20, 2007**, **EITHER** a **NOTICE** providing Mr. Dohse's contact information (mailing address, telephone number, and facsimile number and email address, if applicable) **OR** a **NOTICE of APPEARANCE** of an attorney qualified to practice before this court;

(4) Defendant shall **CONFER** with plaintiff and **FILE** a **Joint Status Report**, on or before **July 20, 2007**, stating whether plaintiff intends to further pursue his claims and, if so, proposing a schedule for the activities described in the orders of September 21, 2006, December 8, 2006 and February 20, 2007; and

(5) The Clerk shall **SERVE** a copy of this order by first class mail on

**Keith Dohse, HC-91, Box 11D, Gordon, NE 69343**.

/s/Lynn J. Bush
LYNN J. BUSH
Judge